121 So.2d 283 (1960)
Robert G. McALLISTER
v.
TRAVELERS INSURANCE CO. et al.
No. 5030.
Court of Appeal of Louisiana, First Circuit.
May 31, 1960.
Weber & Weber, Clark W. Taylor, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, David Ellison, Jr., Baton Rouge, for appellee.
Before ELLIS, LOTTINGER and LANDRY, JJ.
LANDRY, Judge ad hoc.
Plaintiff, Robert G. McAllister, prosecutes this appeal from the adverse judgment of the trial court rejecting his demand in tort for personal injuries sustained while riding as guest passenger in an automobile owned and being operated by defendant Jerome W. Hilton, insured of defendant Travelers Insurance Company.
The accident out of which this litigation arose occurred in the City of Baton Rouge, *284 Louisiana, at approximately 8:55 P.M., November 9, 1957. A stipulation appearing of record recites that the accident occurred under the following circumstances: "* * said accident was caused by the negligence of Jerome W. Hilton while driving under the influence of intoxicating and alcoholic beverages. It is further stipulated that a 1957 Ford automobile driven by Jerome W. Hilton collided with a parked automobile properly parked off the Scenic Highway in front of the Buckhorn Bar * *".
On the afternoon of the accident plaintiff, an acquaintance, Ben Atkins and defendant Hilton met in a bar and engaged in a drinking spree for a period of at least two hours during which interval they visited two or more establishments where intoxicating beverages are dispensed and each consumed several drinks. While defendant Hilton was driving plaintiff home the accident occurred.
In support of his asserted cause of action plaintiff relies upon three principles. Plaintiff argues that Hilton's negligence being conceded, defendants bear the burden of proving the affirmative defense of contributory negligence advanced by defendants on the premise plaintiff assumed the risk of riding with an intoxicated driver. In this connection, plaintiff maintains defendants have failed to prove the particular negligence of Hilton which proximately caused the accident which burden defendant must discharge in substantiation of their defense of contributory negligence or assumption of risk. Stated otherwise, plaintiff asserts it is incumbent upon defendants to prove the precise negligence of Hilton which resulted in the accident in order to show the risk plaintiff assumed. Secondly, plaintiff argues that assuming Hilton was inebriated at the time of the accident, it is incumbent upon defendants to establish that plaintiff knew or should have known his host driver was under the influence of alcoholic beverages. Finally, plaintiff contends he may not be found guilty of contributory negligence or assumption of risk because his own intoxication deprived him of the capacity to appreciate or comprehend the danger incident to riding with a drunken driver. In other words, plaintiff argues that an intoxicated guest may not be held to have assumed the hazards attendant upon riding with an inebriated driver because, under such circumstances, the guest lacks the will to elect to expose himself to the danger involved and without such voluntary decision on his part there can be no contributory negligence or assumption of risk.
For a case involving circumstances of the nature presented, the record is remarkably free of serious dispute as to what transspired on the occasion of the accident in question. On the afternoon of the accident plaintiff went to the home of a friend and acquaintance, Ben Atkins. Plaintiff estimated the time of his visit to Atkins' home at approximately 6:30 P.M. whereas Atkins' testimony establishes their initial meeting occurred between 1:00 and 3:00 P.M. Irrespective of the exact time of their encounter, the record shows that plaintiff and Atkins shortly thereafter visited a bar known as Tot's Lounge where they met the defendant Hilton, a business associate of plaintiff, who had been in the place for an undisclosed length of time and who admittedly had partaken of some alcohol prior to the arrival of plaintiff and Atkins. The three men immediately began drinking together and after having imbibed several drinks, left Tot's Lounge to visit a similar establishment known as the Brown Door, transportation to said latter place being provided by Hilton who drove his automobile there without mishap. After partaking of additional intoxicants at the Brown Door the party decided to return Tot's Lounge. Before entering Hilton's car for the return trip to Tot's Lounge, the parties noted the presence of a nearby police officer who evidently looked upon them with understandable suspicion which circumstance prompted Atkins to request Hilton to let him drive as Atkins felt the officer might question Hilton's sobriety. All agreed discretion dictated that Atkins was better qualified to drive and the return *285 journey to Tot's Lounge was commenced with Atkins driving, Hilton occupying the front seat next to Atkins and plaintiff sitting on the rear seat of the automobile. During the course of the trip an argument ensued between plaintiff and Hilton culminating in plaintiff striking Hilton on the head with a beer bottle with such force that the bottle shattered and lacerated Hilton's scalp to the extent of causing rather profuse bleeding. Upon arriving at Tot's Lounge the three comrades immediately proceeded to the rest room for the purpose of attending Hilton's wounds and having accomplished this objective had another drink together following which development Atkins departed. Plaintiff and Hilton remained in the lounge an undisclosed length of time and plaintiff wishing to go home summoned a cab. Upon learning that plaintiff had called for a taxi, defendant offered to drive plaintiff home which offer plaintiff accepted. While en route to plaintiff's residence the accident occurred.
Despite the evidence of record, learned counsel for plaintiff vigorously contends the testimony does not show Hilton was intoxicated or that his intoxication was a proximate cause of the accident. We disagree with learned counsel in this regard for the reason the record indicates Hilton had been drinking at Tot's Lounge for at least two hours preceding the arrival of plaintiff and Atkins. By his own admission, Hilton had consumed at least 6 drinks while in the company of plaintiff. Atkins' testimony may reasonably be interpreted as showing that whereas he did not consider Hilton so drunk Hilton could not drive upon leaving the Brown Door, he did consider Hilton's condition such that he felt better able to drive because he had had less to drink than Hilton. Notwithstanding plaintiff's denial that Hilton was drunk, plaintiff freely admitted that Hilton was "feeling good" and was "giddy" at the time they left the lounge on the way to plaintiff's home.
We note with considerable interest the testimony of Sergeant Sanchez of the City Police (the officer who investigated the accident) to the effect that at 11:40 P.M. (more than two hours following the accident) a drunkometer test administered Hilton showed Hilton's bloodstream contained a concentration of 21/100 of one per cent alcohol whereas the presence of 15/100 of one per cent alcohol in the blood is considered intoxicating. Additionally the testimony of this witness indicates that from personal observation of Hilton at the scene of the accident, he was convinced of Hilton's intoxication and the charge of driving while under the influence of intoxicating beverages which he lodged against Hilton would have been made irrespective of the results of the subsequent drunkometer test.
Although Hilton denied he was intoxicated, in view of the testimony before us we are in complete accord with the finding of the learned trial court that Hilton was in fact inebriated at the time of the accident. We are equally convinced plaintiff himself was under the influence of alcoholic beverages on the occasion in question.
Plaintiff's contention that defendants have not proven Hilton's intoxication was the proximate cause of the accident is totally without merit.
The hereinabove quoted portion of the stipulation filed of record in this matter (as well as the testimony of Hilton himself) shows that Hilton ran into a car parked off the street on which Hilton was driving. This unusual circumstance coupled with his inebriated condition leads to the reasonable inference, if not the inescapable conclusion, that he was intoxicated to the extent his ability to properly operate his automobile was seriously impaired and such impairment was the reason for the loss of control of his vehicle to the extent he was unable to maintain his automobile on its proper course along the street.
It is the settled jurisprudence of this state that the intoxication of a motorist who collides with a stationary object while driving under the influence of alcoholic beverages, constitutes a proximate cause of *286 such an accident where, in the light of all the facts and circumstances surrounding the incident, it may reasonably be inferred that the accident would not have occurred except for such intoxication and that the intoxication was one of the contributing factors of the accident.
In Bourg v. Aetna Casualty and Surety Company, La.App., 77 So.2d 131, 136, plaintiff sued to recover for personal injuries sustained when an automobile in which plaintiff was riding struck a bridge abutment on the left side of the highway. We note in the Bourg case, supra, the following appropriate comments:
"* * * There are several stages of drunkenness or intoxication. We find the following in Vol. 13, Words and Phrases, Drunk, page 420:
"`A man is said to be "dead drunk" when he is perfectly unconsciouspowerless. He is said to be "stupidly drunk" when a kind of stupor comes over him. He is said to be "staggering drunk" when he staggers in walking. He is said to be "foolishly drunk" when he acts the fool. All these are cases of drunkenness, of different degrees of drunkenness. So it is a very common thing to say a man is "badly intoxicated," and again that he is "slightly intoxicated." There are degrees of drunkenness and therefore many persons may say that a man was not intoxicated because he could walk straight; he could get in and out of a wagon. Whenever a man is under the influence of liquor so as not to be entirely himself, he is intoxicated; although he can walk straight. Although he may attend to his business, and may not give any outward and visible signs to the casual observer that he is drunk, yet if he is under the influence of liquor so as not to be himself, so as to be excited from it, and not to possess that clearness of intellect and control of himself that he otherwise would have, he is intoxicated.'
"* * * When we review this evidence showing the continuous drinking for a period commencing at 7 o'clock p.m. and continuing until the the next morning at 3 a.m., followed by one of the parties not remembering anything within four or five blocks after he left this saloon and remembering nothing about driving an automobile off of a highway and colliding with the bridge, causing the death of his companion and seriously injuring himself, the only impelling inference which could logically be inferred was that the driver Pietre was under the influence of the liquor he drank at Bonvillain's to such an extent that his ability to operate a dangerous instrumentality such as an automobile was impaired. * * *"
Mercier v. Fidelity & Casualty Co. of New York, La.App., 10 So.2d 262 involved a situation wherein a guest passenger sought recovery for personal injuries received when the car in which he was riding collided with a parked automobile. The court concluded the intoxication of the driver was a proximate cause of the collision and denied plaintiff recovery on the ground of his own independent contributory negligence in riding with an intoxicated host.
The claim of a guest passenger was rejected in Woods v. King, La.App., 115 So.2d 232 because the injuries for which plaintiff asked damages were incurred when plaintiff's host drove her automobile into a telephone pole while operating the vehicle under the influence of intoxicating beverages. Although the exact nature of the driver's negligence was not shown, the court inferentially held the insobriety of plaintiff's host was a contributing cause of the accident under the circumstances attending the collision.
In Elba v. Thomas, La.App., 59 So.2d 732, the claim of a guest passenger wife against the liability insurer of her host driver husband for damages arising from *287 an accident which occurred while the couple was returning from a cocktail party was dismissed on the ground the wife having attended a drinking party with her husband and being aware of his intoxication was precluded from recovery for injuries thusly sustained.
The most recent expression on the subject matter under consideration may be found in Cormier v. Angelle et al., La.App., 119 So.2d 876, decided in this court April 25, 1960, in which we rejected the claim of a guest passenger against a host driver on the premise plaintiff was contributorily negligent in riding with defendant after having seen defendant imbibe some six drinks of whiskey within the space of a few hours.
We fully agree with learned counsel for plaintiff that inebriation per se may not be considered the proximate cause of every accident in which an intoxicated driver may become involved. We can readily conceive of numerous circumstances under which a drunken driver might become involved in an accident the cause of which is totally unrelated to the fact that the driver was operating his vehicle while under the influence of intoxicants. Whether or not intoxication is a contributing or proximate cause of any accident is purely a question of fact to be determined after full consideration of all the circumstances of each individual case.
In the case at bar we unhesitatingly conclude the evidence shows Hilton's intoxication was a proximate cause of the accident inasmuch as it appears with reasonable certainty that Hilton's inebriation resulted in his loss of control of his vehicle to the extent the automobile left the roadway upon which it was proceeding and collided with an automobile parked on abutting private property.
Under the circumstances shown herein (which we deem it unnecessary to reiterate in detail) we find absolutely no merit in plaintiff's contention that defendant has failed to show plaintiff knew or should have known Hilton was in no condition to drive the automobile. Suffice to say we find the two men had partaken of a number of drinks in the company of each other preceding the accident. If, under the circumstances shown herein, plaintiff did not know Hilton was intoxicated, we can only conclude that plaintiff's own intoxication prevented him from realizing this obvious fact. Moreover, we believe the record indicates (despite plaintiff's denial thereof) that plaintiff did, in fact, recognize Hilton's condition because the testimony reveals that upon leaving the Brown Door Lounge both plaintiff and Atkins agreed it would be advisable for Atkins to drive Hilton's automobile.
Learned counsel for plaintiff has cited no authority in our jurisprudence in support of his contention that voluntary intoxication of a guest passenger may be urged in bar of the defense of contributory negligence or assumption of risk tendered by an intoxicated host driver in opposition to his guest's claim for personal injuries on the theory that voluntary intoxication of the guest passenger deprives him of the mental capacity to appreciate the danger thus involved and the will to elect to expose himself thereto.
So far as we have been able to determine, the issue appears to be res novas in this state. To adopt the rule advocated by counsel for plaintiff would, in the opinion of this court be contrary to public policy and good morals inasmuch as the principle thereby established would be tantamount to placing a premium on moral turpitude. Additionally, jurisprudence of this nature would open the door to fraud and encourage fabrication of evidence in accident cases involving injury of guest passengers by drunken host drivers. Such a rule would facilitate imposition of liability upon intoxicated host drivers for injuries to guest passengers by the simple expedient of the guest declaring and acknowledging his insensibility to danger induced by voluntary drunkenness. For the reasons stated, this court is not prepared to establish *288 such jurisprudence and, therefore, holds there is no merit to this contention.
We find no error in the judgment of the trial court which judgment is, therefore, affirmed at appellant's cost both in the lower court and on appeal.
Affirmed.