127 So.2d 197 (1961)
Robert Lee OTIS
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 21414.
Court of Appeal of Louisiana, Fourth Circuit.
February 20, 1961.
Rehearing Denied March 13, 1961.
*198 A. J. Weysham, New Orleans, for plaintiff-appellant.
Alvin R. Christovich and W. W. Ogden, New Orleans, for defendant-appellee.
Before JANVIER, YARRUT and SAMUEL, JJ.
SAMUEL, Judge.
This is a suit by an automobile passenger for personal injuries arising out of a collision between the car in which he was riding and a bus owned by the defendant and operated by the defendant's employee. Defendant's answer denied negligence on its part, alleged that the sole cause of the accident was the negligence of the driver of the automobile and his passenger (the present plaintiff) and, alternatively, pleaded contributory negligence on the part of plaintiff. The trial court held that there was no negligence on the part of defendant and dismissed plaintiff's suit. The plaintiff has appealed.
A similar suit arising out of the same accident was filed against the same defendant by plaintiff's driver, Elijah Hooker, and the two cases were consolidated for trial. We have this day handed down an opinion and decree in the Hooker case [Hooker v. New Orleans Public Service, Inc.], La.App., 127 So.2d 199.
The record reveals that Hooker and the plaintiff were together for some time before the accident occurred and that Hooker was intoxicated to an extent sufficient to impair his ability to drive safely and, we are satisfied, also to such an extent that this intoxicated state was known, or should have been known, to the plaintiff. Both Hooker and plaintiff had been drinking, the former "heavily".
The other facts involved in the accident are set forth in our opinion in the Hooker case and need not be repeated here. It is sufficient to point out that we have not disagreed with the trial court's finding of no negligence on the part of the defendant driver and, in addition, have decided that Hooker was guilty of gross negligence which as contributory negligence and a proximate cause of the accident prevented him from recovering.
Judgment in the instant case must go against the plaintiff for the same reason, contributory negligence.
While the driver's negligence cannot be imputed to a passenger or guest in the car, the latter can be, and here was, *199 guilty of such individual contributory negligence as to defeat his recovery.
It is well settled in our jurisprudence that a guest passenger cannot recover for injuries received as a result of his driver's negligence where that driver has had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired and where the guest passenger knew or should have known of the driver's condition and yet voluntarily rode with him. Dowden v. Bankers Fire & Marine Ins. Co., La.App., 124 So.2d 254; McAllister v. Travelers Ins. Co., La.App., 121 So.2d 283; Lyell v. United States Fidelity & Guaranty Co., La.App., 117 So.2d 290; Woods v. King, La.App., 115 So.2d 232; Elba v. Thomas, La.App., 59 So.2d 732.
We are aware of the fact that all of the cited cases are concerned with a suit by the guest passenger against his host driver and involve assumption of risk rather than negligence. However, as this court pointed out in Richard v. Canning, La.App., 158 So. 598, 599:
"If it is actionable negligence to rent or loan an automobile to one who is manifestly intoxicated (Baader v. Driverless Cars, Inc., 10 La.App. 310, 120 So. 515), then it is certainly negligence, which will prevent recovery, to ride with a driver obviously under the influence of liquor."
The same reasoning is applicable here. Under our more recent jurisprudence as set forth in the cited cases, it is no longer necessary to show that the driver was drunk. The fact that he had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired is sufficient. We therefore hold that the action of a guest passenger in voluntarily riding with a driver under the influence of intoxicants to an extent sufficient to make him lose normal control of his mental and physical faculties and to cause such faculties to be materially impaired, whose condition was known or should have been known to the guest passenger, constitutes not only an assumption of the risk in any claim against his host but also independent, contributory negligence sufficient to bar his recovery from third persons in any case where the host driver was guilty of negligence which was a proximate cause of the accident.
We are of the opinion that the plaintiff was guilty of further independent negligence, which by itself would bar his recovery, in failing to discharge his duty as a guest passenger in the exercise of ordinary care to protest, observe and warn. See Aaron v. Martin, 188 La. 371, 177 So. 242; Clifton v. Dean, La.App., 169 So. 788. However, it is unnecessary to go into this feature of the case. To do so could lead only to the same conclusion already reached on what we feel are ample grounds.
For the reasons assigned the judgment appealed from is affirmed, all costs to be paid by plaintiff-appellant.
Affirmed.