LANDRY, Judge.
Plaintiffs, Ivy H. Johnson and Bythella Johnson (husband and wife), instituted this wrongful death action seeking damages for the loss of their 20 year old minor son, Lewis L. Johnson, who died of injuries received in an intersectional collision between a Mack tractor-trailer owned by defendant, R. T. Gill d/b/a Gill Truck Lines, and being operated by defendant’s employee, Lawrence Hills, and a 1952 Ford automobile in which decedent was riding as guest passenger of its owner-driver, Frank Young. The trial court rejected plaintiffs’ said demands and plaintiffs have taken this appeal.
The accident in question occurred in the Parish of West Baton Rouge at approximately 12:45 A. M., Sunday, October 19, 1959, in the intersection formed by U. S. Highway 190, a paved four-lane highway running in an easterly-westerly direction, and “Mulatto Bend Road”, a graveled highway extending in a northerly-southerly course. Defendant’s tractor-trailer, proceeding in the right or outside westbound lane of travel, struck the left side of the Ford automobile as the latter vehicle, proceeding southerly along Mulatto Bend Road was attempting to cross Plighway 190.
From the Mississippi River Bridge westerly along Highway 190, for a distance of approximately two miles, said highway is flanked on each side by a concentration of commercial establishments consisting primarily of motels, restaurants and places which dispense alcoholic beverages and are commonly referred to as “bars”, “clubs”, taverns” and “lounges”. U. S. Highway 190 is a paved four-lane highway consisting -of two eastbound traffic lanes 24 ft. in width and two westbound lanes of similar width, the opposite lanes of travel being separated by a rather wide neutral ground. The exact width of Mulatto Bend Road does not appear of record. It does appear, however, that Mulatto Bend Road is a graveled road which intersects U. S. Highway 190 at right angles approximately one and one-half miles west of the Mississippi River Bridge. It further appears that at the intersection of these two thoroughfares are situated certain clubs and bars and particularly an establishment known as “Jobie’s” located at the northwest corner of said intersection. It is undisputed that the vicinity of the intersection is heavily developed and that at the time of the accident cars were parked on both sides of Mulatto Bend Road near the northern edge of the westbound lanes of Highway 190 while the owners of said parked vehicles patronized Jobie’s and other nearby establishments of similar like. Similarly, it is uncontroverted that the view of a motorist proceeding southerly along Mulatto Bend Road and desiring to either cross U. S. 190 or turn right to proceed westerly thereon, was considerably impeded by the automobiles parked near the edge of Highway 190.
It is conceded that Highway 190 is a main artery of travel of this state and enjoys the right of way over inferior Mulatto Bend Road. It is likewise acknowledged that there is a stop sign at the intersection of Mulatto Bend Road requiring that all traffic proceeding upon said inferior highway stop before entering or crossing Highway 190.
Immediately preceding the accident defendant’s large Mack truck-trailer (the weight of the trailer and cargo approximating 50,000 pounds), being driven by defendant’s employee, Lawrence Hills, (admittedly acting within the scope and during the course of his employment by defendant) was proceeding westerly along said highway in the right or outer westbound traffic lane at an estimated speed of 40 miles per hour which speed was within the lawful limit. Simultaneously, the 1952 Ford being driven *385 by Frank Young, accompanied by his guest passenger, decedent Lewis L. Johnson, was proceeding southerly along Mulatto Bend Road and approaching the aforesaid intersection, it being the intention of driver of said automobile to cross Highway 190. Defendant’s truck struck the Ford in the approximate center of the two westbound traffic lanes.
Plaintiffs’ petition charges that the accident and resulting death of their son was caused solely by the negligence of defendant’s employee, Hills, whose negligence is asserted to consist of his traveling at an excessive rate of speed, failure to maintain control of his truck and trailer and failure to keep a proper lookout.
Defendant answered denying any negligence whatsoever on the part of its driver, Hills, and further alleged the sole proximate cause of the accident to be the negligence of decedent’s host driver, Frank Young. Specifically defendant charges Young with negligence in failing to accord defendant’s vehicle the right of way to which it was entitled, failure to keep a proper lookout, failure to maintain his vehicle under proper control, failure to stop for the stop sign, driving while under the influence of intoxicating beverages, and attempting to cross the superior highway at a time when the oncoming truck was so near as to make such maneuver patently dangerous. Alternatively, defendant maintains that if its driver, Hills, was in fact guilty of negligence constituting a proximate cause of the accident, plaintiffs are barred from recovery herein by virtue of decedent’s assumption of the risks attending his riding with.Young whom decedent knew or should have known was intoxicated at the time.
Plaintiffs freely acknowledge negligence on the part of decedent’s host driver, Frank Young. In the record we note the following admission by learned counsel for appellants:
“There is no doubt, we are not here to prove or even attempt to prove the driver of the 1952 Ford, Frank Young, was not negligent. We can gainsay (sic) that fact, he was negligent.”
Succinctly stated, plaintiffs’ position is confined solely to an attempt to bring the present case under the recently established rule announced by the Supreme Court in Randall v. Baton Rouge Bus Company, Inc., 240 La. 527, 124 So.2d 535, to the effect that a motorist upon a superior highway, though possessing the right of way, must maintain a proper lookout, must keep his car under control and must, to avoid liability, take every possible precaution when obvious circumstances indicate that traffic approaching upon an inferior road will not respect his right of way but will obstruct or impede his passage across an intersection. In this .respect learned counsel for appellants argues that defendant’s tractor-trailer was proceeding at an excessive rate of speed in view of the congestion in the area and the admitted familiarity of defendant’s driver with the conditions prevailing. More precisely, esteemed counsel for appellants urges that in view of the congestion and the presence of parked cars near the edge of the highway, a speed of 40 miles per hour was excessive and Hills, being familiar with conditions, should have reduced his speed. Further, counsel for appellants maintains that since Hills admitted seeing the Ford approaching the intersection when the truck was still 150 feet distant therefrom he was charged with the duty of taking such evasive action as would have prevented the impending collision.
In a well considered written opinion, our learned brother below found (1) that Frank Young’s testimony was largely untruthful and inaccurate particularly so in that he testified that he entered the intersection well in advance of the truck and then experienced a mechanical failure which caused his car to stall on the highway; (2) Young actually drove his vehicle onto the highway in front of defendant’s vehicle when the truck was so close to the *386 intersection that a collision was inevitable; (3) Young was intoxicated and physically incapable of properly operating his car at the time of the accident; and (4) decedent Lewis L. Johnson assumed the risk of Young’s negligence in that he knew or should have known of Young’s intoxication.
On appeal, counsel for appellants maintains that the learned trial court erred in holding Hills free of negligence proximately causing the accident despite his admittedly having seen the Ford automobile approaching the intersection under circumstances which should have indicated to him that the Ford would attempt to cross the highway and further erred in failing to apply the doctrine announced in Randall v. Baton Rouge Bus Company, Inc., supra.
In substance, defendant’s driver, Hills, testified he was proceeding along the highway in the right or outside westbound lane traveling at a speed of 38 to 40 miles per hour. He was aware of his speed because he was in the process of shifting gears to accelerate his vehicle. When he reached a point approximately 150 feet from the intersection of Mulatto Bend Road, he noted (from his elevated position in the cab of the tractor) among the cars parked near the intersection, a car traveling slowly along Mulatto Bend Road but, because the vehicle was traveling with its lights off, he could not at first determine whether it was proceeding toward o,r away from the highway. Upon detecting the moving vehicle he momentarily reduced his speed thinking that if the vehicle was traveling toward the highway it would stop and permit him to proceed without incident. When he reached a point a few feet east of the intersection the lights of the moving vehicle suddenly came on and as Hills expressed it, the vehicle “just plunged out and hit my right front fender and bumper”. Upon noting the lights of the vehicle being turned on, Hills immediately applied the brakes of his trailer (to prevent its jackknifing) and next applied the brakes of the tractor. It is undisputed that the rear wheels of the trailer left skid marks 48 feet in length prior to the point of impact and 60 feet beyond the point of contact. The skid marks preceding the point of collision were in the westbound lane until just a few feet east of the point of contact at which point they veered to the left attesting Hills attempt to swerve in an effort to avoid the accident.
The driver of the Ford automobile, Frank Young, gave conflicting accounts of the circumstances surrounding the accident. On the night of the accident he related to State Trooper Bienn (who investigated the accident) that as he pulled up to the edge of the highway, the vehicles parked along Mulatto Bend Road near the intersection blocked his view but that he did see defendant’s vehicle and thought he had just enough time to make it across the highway ahead of the truck. However, when called to testify upon the trial of this matter, on both direct and cross examination, he stoutly maintained that he pulled up to the highway, stopped in obedience to the stop sign, waited to permit one or two vehicles to pass upon the highway and, observing the approaching truck some two blocks distant, attempted to negotiate the intersection. When he reached the approximate center of the intersection his car stopped due to some unknown mechanical failure. He attempted several times to restart his engine without success. When he looked in the direction of the truck for the second time the truck was immediately upon him. When his car first stalled he blinked his lights a few times and gave no thought to leaving the vehicle as he felt he had ample time to get his car in motion and clear the intersection. He continued his efforts to start his motor and at the time that he saw the truck about to strike his car he heard decedent first yell “here comes a truck” and then add “it ain’t going to stop”. Immediately thereafter the collision occurred.
Because we find defendant’s alternative plea of assumption of risk well taken and fully established by the evidence, we deem it unnecessary to consider defendant’s contention that its driver, Hills, was not negligent despite his failure to reduce his speed *387 because being the motorist on the superior highway he was entitled to assume that Young would respect his right of way and not attempt to cross in the path of the oncoming truck. Similarly, our finding of assumption of risk on the part of decedent, Lewis L. Johnson, .renders inapplicable the rule announced in Randall v. Baton Rouge Bus Company, Inc. and obviates the necessity of our considering whether defendant herein is liable under the law established by said authority.
The learned trial court found as a fact that decedent’s host driver, Frank Young, was guilty of negligence proximately causing the accident in that he drove his said vehicle onto the highway at a time when the truck was so near a collision was inevitable. Our own analysis of the testimony impels our independent arrival at the identical conclusion.
The law of this state is settled to the effect that recovery of a guest passenger is barred by his knowing and voluntary assumption of a particular .risk, such as riding with an intoxicated driver or one otherwise incompetent. Although a defense so predicated is sometimes characterized as contributory negligence it is more properly designated as assumption of .risk. White v. State Farm Mutual Auto Insurance Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338; McAllister v. Travelers Insurance Co., La.App., 121 So.2d 283; Otis v. New Orleans Public Service, Inc., La.App., 127 So.2d 197.
As hereinbefore shown, Young’s negligence is not only conceded by plaintiffs but is also clearly shown by the evidence of record herein. We have no hesitancy in finding that Young did in fact attempt to cross the highway when the truck was so close that a collision was virtually unavoidable. If, therefore, the negligence of Young in this regard is imputable to decedent under defendant’s plea of assumption of risk, plaintiffs are barred from recovery in this action. Clinton v. City of West Monroe, La.App., 187 So. 561.
Consequently, the single issue upon which the instant case turns is simply whether or not decedent knew or should have known that Young, his host driver, was so intoxicated that he could not safely and properly operate the vehicle in which decedent was riding as a guest passenger. Unfortunately for plaintiffs, the foregoing question must be answered in the affirmative.
According to Young, some three to five hours preceding the accident, he and decedent began making a round of bars and clubs near the scene of the accident during which interval Young admittedly “took a few drinks” consisting mostly of beers and a limited quantity of mint gin. The hour preceding the accident was spent by Young and decedent in Jobie’s place wherein they admittedly indulged their pleasure by drinking and playing pin ball machines although Young maintains that during this period he partook of only one beer. Despite his frank acknowledgment with respect to his drinking during the evening he stoutly maintained that at the time of the accident he was sober.
Opposed to the testimony of Young respecting his alleged sobriety, is the testimony of Trooper Bienn who stated that approximately two hours following the accident he interviewed Young in the hospital and found him still intoxicated and under the influence of alcohol. Predicated upon the foregoing testimony our able brother below concluded decedent’s host driver was in fact intoxicated and decedent either knew or should have known Young was incapable of properly and safely operating the vehicle and assumed the risk of riding with Young under such circumstances. In this finding we readily concur. In our judgment the record establishes that Young was “tavernized” and that the degree of his intoxication was such that decedent should have realized Young was in no condition to safely and properly operate an automobile. Having voluntarily chosen to be the guest passenger of an inebriated *388 driver, decedent assumed the risk of his host’s negligence.
Pretermitting entirely the alleged negligence of Hills, the negligence of Young being acknowledged and decedent having assumed the risk thereof, therefore, assuming arguendo, Hills to have been negligent, decedent’s assumption of the risk of Young’s negligence bars plaintiffs’ recovery herein. Clinton v. City of West Monroe, supra.
For the reasons hereinabove assigned, the judgment of the trial court is affirmed.
Affirmed.