192 So.2d 568 (1966)
Robert H. ROLLER et ux., Plaintiffs-Appellees,
v.
Wade CORMIER et al.
No. 1829.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1966.
Rehearing Denied December 21, 1966.
*569 Stockwell, St. Dizier, Sievert & Viccellio, by Fred H. Sievert, Jr., Lake Charles, for defendant-appellant.
Russell T. Tritico, Lake Charles, for plaintiffs-appellees.
Wade Cormier, in pro. per.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
FRUGÉ, Judge.
The plaintiffs, Mr. and Mrs. Robert H. Roller, brought suit in the district court to recover damages for the death of their son in an automobile accident which occurred on September 6, 1963. The deceased, John Carlton Roller, was killed when the car in which he was riding veered out of control and struck a tree on the shoulder of Highway U. S. 90 near Sulphur, Louisiana. Although the 1955 Chevrolet in which young Roller was killed belonged to the plaintiff, *570 Robert H. Roller, it was being driven at the time of the accident by Sherry Cormier, the minor son of Wade Cormier, one of the defendants in this suit. The other two defendants are the liability insurer of the Roller automobile, American Home Assurance Company, and State Farm Mutual Automobile Insurance Company, the liability insurer of the driver's father. Judgment was rendered in the lower court in favor of plaintiffs and against the defendants, and the defendants have appealed.
The deceased, John Carlton Roller, was a 22-year-old single male and a student at the University of Houston. For a period of several years prior to the accident the deceased had used a 1955 Chevrolet belonging to his parents, the plaintiffs herein, as a means of transportation, frequently returning home from Houston on weekends. On the night of the accident the deceased left his home in Lake Charles at 7:00 or 8:00 P.M. and went to a nightclub on the outskirts of Lake Charles known as the "Bamboo Club" for an evening of dancing and entertainment. The 1955 Chevrolet remained parked in the driveway of his parent's home since the deceased made the trip to the nightclub in the automobile of a young friend, Tommy Winthrow. While at the Bamboo Club the two young men met Sherry Cormier, the minor son of the defendant herein. The three drank beer at the club until about 11:00 o'clock P.M., when they left the nightclub and proceeded to a drive-in cafe where they ordered another round of beer. At approximately 11:30 P.M. the group left the drive-in and drove to the home of the deceased's parents where young Winthrow parted company, leaving only the deceased and Sherry Cormier. At this time the deceased told his parents that he was going to take Cormier home and so the two drove off in the Chevrolet with young Roller at the wheel.
Instead of following their announced plan, the two proceeded to the Guys and Dolls Club, a nightclub located on Ryan Street in Lake Charles. They joined a group of young people there and in the ensuing hours the group shared several large pitchers of draft beer. The deceased became intoxicated and at closing time (2:00 or 3:00 A.M.) was loaded into the back seat of the Chevrolet by the owner of the bar and a policeman who had stopped by on patrol.
With the deceased a passenger in the back seat, the Cormier youth drove the Chevrolet to Herbert's Lounge located on Highway 90 between Lake Charles and Sulphur. According to Cormier's testimony, the deceased, still prostrate in the back seat of the car, told Cormier that he was sleepy and did not want to go inside. Cormier went into the lounge by himself and, by his own admission, consumed at least one or two mixed drinks. At approximately 6:00 o'clock A.M. Cormier returned to the automobile, got behind the wheel and started back in the direction of Lake Charles. The automobile accelerated rapidly from Herbert's driveway, zigzagging across the paved surface of the highway, and crashed into a tree 300 feet from the lounge. The Chevrolet was totally demolished, and although Sherry Cormier had a small scratch across his nose, John Carlton Roller was severely injured and died seven days later in a Beaumont hospital without regaining consciousness.
It is hornbook law that a guest passenger who voluntarily accompanies an intoxicated driver cannot recover for injuries received in an accident, the cause of which may be attributed to the driver's consumption of intoxicants.
In the recent case of Viator v. Grain Dealers Mutual Insurance Company, this court expressed the principle as follows:
"* * * When an accident occurs involving a driver whose mental or physical faculties have been materially impaired due to the influence of intoxicants, a guest passenger who knows or should know of the driver's condition and nevertheless voluntarily rides with him cannot recover for injuries received in *571 an accident caused in whole or in part by the driver's negligence if the alcoholinduced impairment of the driver's ability is a substantial contributory cause of the driver's negligence. Under such circumstances, the passenger's recovery is barred not only against his host driver but also against third persons whose negligence contributed to the accident, provided that the host driver's intoxicant-caused negligence contributed to the accident." (La.App., 182 So.2d 165, 167).
See also Daigle v. United States Fidelity & Guaranty Co., 187 So.2d 214 (La.App. 3d Cir. 1966); Jones v. Continental Casualty Co. et al., 246 La. 921, 169 So.2d 50 (1964); Johnson v. Gill, 148 So.2d 383 (La. App. 1st Cir. 1962); Bennett v. Traders & General Insurance Co., 170 So.2d 392 (La. App.3d Cir. 1965); Woods v. King, 115 So.2d 232 (La.App. 2d Cir. 1959).
The trial judge in deciding this case felt that the defendants had not borne the burdent of proving that the driver of the Roller automobile, Sherry Cormier, was intoxicated at the time of the accident, Tr. p. 90.
Under the jurisprudence of this state, however, it is not necessary that the defendants prove that the driver, Sherry Cormier, was intoxicated. It is sufficient that the defendants show by a preponderance of the evidence that the driver had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired. Futrell v. Pacific Indemnity Co., 79 So.2d 903 (Orl.App. 1955).
Remembering that the burden of proof is on the defendants to prove by a preponderance of the evidence that the mental and physical faculties of the driver were materially impaired, let us briefly review the evidence bearing on this point.
Although it is difficult to determine the exact quantity of beer or liquor consumed by Cormier prior to the accident, the record reflects that he was continuously in either a nightclub or cocktail lounge from approximately nine or ten o'clock in the evening until six o'clock the next morning. Cormier's drinking partner, John Carlton Roller, became so intoxicated during this period of time that he was loaded into the back seat of his own automobile and remained there in a stupefied condition until the accident. The police officer who, with the owner of the Guys and Dolls Club, placed the deceased in the back seat of his automobile, testified that at approximately 2:00 A.M. Sherry Cormier "* * * wasn't intoxicated, to my judgment, that he could not drive or handle the automobile at that time * * *" Of course, even if the officer's testimony is interpreted to mean that Cormier was perfectly sober at that time, it is not of great value in determining the driver's condition at the time of the accident some three or four hours later.
Herbert Fuselier, the owner of Herbert's Cocktail Lounge on Highway 90, testified when asked whether Sherry Cormier appeared to be drunk or not, "I would say that the boy was drinking. I couldn't say that he was drunk."
Two State troopers arrived on the scene only moments after the accident occurred. One of the troopers, Cullen Goleman, stated that in his opinion Sherry Cormier was highly intoxicated. He testified that Cormier was sick at his stomach, he was very unsteady on his feet and had to be assisted to the patrol car. He smelled strongly of alcohol and was talking incoherently. He stated from the physical evidence at the scene that the Chevrolet had simply veered off the road and onto the shoulder, striking the tree and bouncing off a distance of 50 feet. The other trooper, Robert G. Kershaw, Jr., testified that Cormier's breath smelled strongly of whiskey and that, "I thought he was drunk."
In addition, Sherry Cormier was indicted by a grand jury for the crime of negligent homicide, his criminal negligence consisting *572 of driving while intoxicated and at an excessive rate of speed.
With benefit of counsel, Cormier entered a plea of guilty to the indictment and was sentenced to two years at hard labor. In these circumstances, a plea of guilty in a criminal prosecution is admissible in a civil action concerning the same facts, and is competent evidence, though it is not conclusive on the issue to be decided. Smith v. Southern National Life Ins. Co., 130 So.2d 337 (La.App. 4th Cir. 1961).
After a careful and thorough reading of the record in its entirety, we are convinced that even without the judicial admission of the criminal plea, the evidence establishes that the driver of the automobile in which the deceased was riding at the time of the accident was impaired both mentally and physically by the consumption of intoxicants in a nine or ten hour period preceding the accident. Perhaps the trial judge was correct in concluding that the defendants had not sufficiently proved the intoxication of Sherry Cormier, but the law of this state does not require so rigorous a standard. Under the test of "material impairment" advanced by our jurisprudence, we are of the opinion that the preponderance of the evidence weighs in favor of the position taken by the defendants.
We are further of the opinion that the voluntary intoxication of the deceased, John Carlton Roller, has no bearing upon the application of the doctrine of assumption of risk under the peculiar facts in this case. The law is clear that when two persons seek each other's companionship for a night of drinking and "making the rounds," the fact that one person becomes intoxicated in the course of the night's activities is no defense to a plea of contributory negligence or assumption of risk when the incapacitated person is injured through the alcohol-induced negligence of his drinking companion. McAllister v. Travelers Insurance Co., 121 So.2d 283 (La.App.1st Cir., 1960); Mercier v. Fidelity & Cas. Co. of New York, 10 So.2d 262 (La.App. Orl. 1942); Bourg v. Aetna Casualty & Surety Co., 77 So.2d 131 (La.App. 1st Cir. 1954).
In our view the facts of the instant case bring it squarely within the rule prohibiting the recovery by guest passengers who voluntarily accompany persons whose ability to control an automobile has been materially influenced by the consumption of intoxicants.
For the foregoing reasons, the judgment of the district court in the case of Robert H. Roller et ux. v. Wade Cormier et al., is reversed and the plaintiffs' suit is dismissed, all costs to be borne by the plaintiffs.
Reversed.

On Application for Rehearing.
En Banc. Rehearing denied.