CULPEPPER, Judge.
This is a wrongful death action. Plaintiffs are respectively the mother and the three minor children of John L. Laird, who drowned when the automobile in which he was a passenger plunged into a canal. The defendants are Joe Carter, driver of the vehicle, and his liability insurer, New York Fidelity & Casualty Company. From an adverse judgment, plaintiffs appealed.
The sole issue on appeal is whether the decedent assumed the risk of the driver’s intoxication.
The general facts are that on Sunday, August, 20, 1967, at about 2:30 p. m., Carter and Laird were drinking beer in a night club owned by Kelso Bayonne near the city of Alexandria. They left together, in Carter’s automobile with Carter driving, and went a distance of about three miles to the intersection of Lincoln Road and Willow Glen Road where the accident occurred. Carter was proceeding in a northerly direction on Lincoln Road, failed to heed a stop sign, struck another vehicle proceeding in an easterly direction on Willow Glen Road and then plunged into a deep canal running along the north side of Willow Glen Road. The vehicle submerged in four or five feet of water. Carter escaped. Laird was apparently thrown from the vehicle, as it turned over, because the next day he was found drowned in the canal.
Carter’s testimony, taken only under cross-examination by the plaintiff, was found by the trial judge to be unworthy of belief. Carter stated he had been having trouble with his brakes and on that Sunday morning at about 10:30 had gone to a service station where fluid was put in the braking mechanism. He admitted that while waiting for his car he went to a cafe nearby and drank two bottles of beer. Then, at about 2:00 p. m. he went to Bayonne’s night club, looking for his brother. Upon arrival there he says the brakes went out again. He denies having anything to drink at Bayonne’s. Carter left there and drove to the scene of the accident. His explanation is that the brakes went out and he couldn’t stop.
Carter denies that he even knew Laird. He says he was alone in the automobile. Under questioning by the court, he finally admitted pleading guilty to a charge of negligent homicide arising out of the incident but says his lawyer in the criminal proceedings didn’t fully advise him and that he was surprised when he was sentenced.
Bayonne testified that Laird had been in his place about two hours drinking beer when Carter arrived looking for somebody. Carter stayed there only about 15 minutes *559 and drank one beer. Then Laird and Carter left together, with Carter driving. Bayonne stated that when they left his place neither appeared to he “drunk”. Substantially the same testimony was given by L. O. Fleming, a customer in Bayonne’s place.
Johnny Culbreath testified that he was driving his car on Lincoln Road about one block from the intersection. Carter, with a passenger in his vehicle, passed him at a “high rate of speed.” Culbreath said he was traveling about 40 to 45 miles per hour and Carter was going “pretty fast.” He saw Carter hit the other vehicle and then plunge into the canal.
Culbreath went to the scene and went down on top of the car to try to help the occupants. When Carter came out Cul-breath asked where his passenger was. Carter first said there was somebody else in the car and asked Culbreath to help get him out. After Culbreath failed to find the other occupant, and several other people had gathered around, Carter changed his story and said that he was alone.
The trial judge gave little weight to the testimony of Bayonne, reasoning that the operator of a bar will seldom admit serving a patron who is drunk. The court points out that Carter admitted starting to drink at about 10:30 that morning and reasons that Carter probably continued to drink until shortly before the accident at about 2:30 p. m. The district court noted that Bayonne testified Carter was in the night club only a few minutes and drank only one beer. However, the court says two or three hours of Carter’s time, from the time his brakes were fixed until he arrived at Bayonne's place, are unaccounted for and it is likely that Carter was drinking beer all this time.
The trial judge stated in his written opinion that he simply did not believe Bayonne, Fleming or Carter. In a written opinion he reached the following conclusions :
“When it is considered that Carter was well familiar with the area it can only be concluded, in the words of counsel, that his actions were those of a ‘wild man’, which would be even more aggravated if in fact he knew that the car’s brakes were inoperative. Culbreath, it is true, testified that at the scene and immediately after the accident Carter appeared ‘to be shaken up’ and walked around without assistance, indicating, at least, that he was not drunk or in an advanced stage of intoxication. However, we do not know what effect had been produced upon him by the shocking experience of the sudden events of the accident and the plunge into the water of the canal.
“Carter’s manner of driving was so reckless as to indicate complete abandonment of caution and care as he neared a known place of danger, and evidencing total disregard for his own safety. Such conduct is a clear indication of impairment of his mental faculties. This Court believes that this impairment was produced by drink, when all the surrounding circumstances are considered, and that it is only reasonable to infer that this impairment was at least one of the contributing factors to the unfortunate incident in which Laird lost his life. Further, it is unreasonable to say that Laird did not realize Carter’s condition when he departed from Bayonne’s place with him. The ultimate conclusion, then, is that Laird voluntarily exposed himself to the foreseeable risk of injury, thus barring this suit.”
There is no dispute as to the applicable law. Our jurisprudence is established that a guest passenger is barred from recovery when he knowingly and voluntarily rides with a driver who is under the influence of intoxicating liquor. It need not be shown that the driver was drunk but only that he had consumed a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties. Jones v. Continental Casualty Company of Chicago, Ill., 246 La. 921, 169 So.2d 50 (1964) and the cases cited therein; Daigle v. United States Fideli *560 ty & Guaranty Company, La.App., 187 So.2d 214 (3rd Cir.1966); Roller v. Cormier, La.App., 192 So.2d 568 (3rd Cir.1966); Brown v. Collins, La.App., 223 So.2d 453 (3rd Cir.1969).
The driver’s intoxication is a factual issue depending largely on the credibility of the witnesses. Ultimately, we find no manifest error in the conclusions of fact by the trial judge.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.