284 So.2d 820 (1973)
William GRUBER, Jr.
v.
Ethel BEESON et al.
No. 5708.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Wayne Douglas Mancuso, Gretna, for plaintiff-appellee.
Montgomery, Barnett, Brown & Read by Charles A. Boggs, New Orleans, for defendants-appellants.
Before SAMUEL, J., and CONNOLLY and DURAN, JJ., Pro Tem.
MELVIN J. DURAN, Judge Pro Tem.
Hershel C. Foster, Robert LaBiche and William Gruber, Jr., three young men all in their mid-twenties, were out together, bar-hopping and drinking for nine hours. Foster drove the vehicle in which they rode. It was owned by Ethel Beeson; her (and Foster's) liability insurer was Zurich Insurance Company. Foster lost control of his vehicle and ran into two parked automobiles and a telephone pole. Gruber was injured and brought this suit for damages against Foster and Zurich Insurance Company.
After trial on the merits, judgment was rendered in favor of plaintiff and against Foster and his insurer. Defendants pleaded, and re-urge on appeal, that plaintiff had assumed the risk of injury and contributory negligence. We reversed.
The following facts are clearly established by the record brought up to this Court.
With Foster doing the driving, the three young men started out between 8 and 9 P. M. on a Friday night. Except for a stop at a package liquor store on North Broad Street, where they bought some wine, the young men restricted their activities to the "uptown" area of New Orleans, where they went from one bar to another. About nine hours later, shortly after 5 A.M. on Saturday, having been together the whole time, their automobile crashed into two *821 parked cars on one side of Calhoun Street and then veered over to the other side of the street where it struck a telephone pole. All three men had been drinking beer or alcoholic beverages in each other's presence all night long. (They had "gone out drinking" on maybe five or ten prior occasions; they were "drinking buddies").
During the night they stopped to steal a yellow flashing light signal from some construction job on the street. Then, seven blocks before they crashed, Foster turned off Jefferson Avenue onto South Claiborne Avenue (they were on their way back to Friar Tucks Bar) and as he did his automobile went up onto the neutral ground.
After the accident, Foster was arrested for driving while intoxicated and for reckless driving. He pleaded guilty to D.W. I. in Traffic Court, and what is more important, admitted on the witness stand that he was drunk at the time of the accident, and that he had been constantly drinking for the past eight or nine hours.
In his written reasons for judgment, the trial judge stated:
"For a defense of assumption of the risk to prevail herein, defendant must prove (1) the driver (Foster) had a sufficient quantity of intoxicants to make him lose normal control of his faculties; (2) the passenger (plaintiff Gruber) knew or should have known the driver's ability was impaired by the influence of alcohol and (3) the driver's impairment due to drinking was a substantial contributory cause of the driver's negligence.
"While the Court finds that defendants may have met their burden in the satisfaction of requirements (1) and (3) above, the Court is not satisfied from the evidence that plaintiff knew or should have known defendant Foster was under the influence of a sufficient amount of alcohol so as to impair his driving ability."
A careful study of the evidence causes us to disagree with out learned brother. Gruber voluntarily joined the group at 8-9 P.M.; he voluntarily drank along with the other two and watched them drink all night long; he voluntarily got in and out of Foster's automobile, and voluntarily rode as a passenger in that automobile as they "hopped" from one bar to the next; he voluntarily participated in the theft of the street caution light standard. He voiced no objection to and voluntarily stayed in the automobile when it ran up on the neutral ground seven blocks prior to its crashing, or when Foster swerved from one side of the street to the other; or when he drove at 50 M.P.H.
We must agree with defense counsel when he argues: (1) Gruber could not have participated in the drinking and witnessed eight or nine hours of it by Foster and not know that the latter's driving ability was impaired. (2) Gruber had actual knowledge of the driver's impairment when he went up on the neutral ground, and (3) while it might be a "cute" high school prank to steal a yellow blinking light warning motorists of danger in the street, it certainly is not normal behavior for men in their mid-twenties to engage in at five o'clock in the morning.
The trial judge further stated in his reasons for judgment: "Defendant makes much over Foster's plea of guilty to a D.W.I. charge, but the jurisprudence indicates that many factors may motivate a plea to a traffic offense." A defendant's plea of guilty to driving while intoxicated in a traffic court is a judicial admission and is competent evidence in a civil action, though not conclusive. Roller v. Cormier, La.App., 192 So.2d 568; Smith v. Southern National Life Ins. Co., La.App., 134 So.2d 337. Add to the traffic court plea of guilty in this case the defendant's own admission on the witness stand that he was intoxicated and that for eight or nine hours he had been continuously drinking (wine, whisky and beer) and we believe there is conclusive evidence of Foster having been drunk, thoroughly intoxicated at the time of the accident. He had consumed *822 more than a sufficient quantity of alcohol to make him lose control of his faculties.
That the driver's impairment due to drinking was a substantial contributory cause of the driver's negligence has been fully proven. Our review of the record causes us to believe that it was the only cause of this accident.
We find it impossible to believe that plaintiff did not know or should have known that Foster was under the influence of a sufficient amount of alcohol so as to impair his driving. A person cannot be in the constant company of a friend drinking alcoholic beverages with him for eight or nine hours and then come to court and say "I did not know and had no reason to believe that my friend was under the influence of alcohol to such an extent that his driving ability was impaired."
The plaintiff testified at the time of the accident he was asleep; and that he cannot remember if he was intoxicated or not. He did not recall going to Friar Tucks Bar or to the Topas Lounge, or to the Dionysus Bar, or to the package liquor store. His testimony of the night's events leaves much to be desired. We cannot conclude from this record that Gruber was in fact asleep at the time of the accident. There is considerable evidence to the contrary, but it makes no difference, in this case, if plaintiff was or was not asleep. He assumed the risk of injury to himself and was independently contributorily negligent when he voluntarily participated in the night's activity and voluntarily entered into defendant's automobile.
The courts have consistently held that when one voluntarily gets into another's automobile and then falls asleep or "passes out", that this does not excuse the guest passenger as he assumes the risk when he gets into the automobile with a driver whom he knows, or should know, is under the influence of alcohol. See Lemmon v. Babb, La.App., 219 So.2d 272; McAllister v. Travelers Ins. Co., La.App., 121 So.2d 283; Roller v. Cormier, supra; Daigle v. U. S. F. & G., La.App., 187 So.2d 214.
"The law is clear that when two persons seek each other's companionship for a night of drinking and `making the rounds,' the fact that one person becomes intoxicated in the course of the night's activities is no defense to a plea of contributory negligence or assumption of risk when the incapacitated person is injured through the alcohol-induced negligence of his drinking companion." Cittations given. Roller v. Cormier, La. App., 192 So.2d 568.
"It was a drinking party from the start, they carried their liquor with them, and they all participated. They all knew the extent of Moore's [driver] drinking; they knew or should have known his mental state. To ride with him driving, under these circumstances was independent contributory negligence on the part of the others and they assumed the risks." Bennett v. Traders Gen. Ins. Co., La.App., 170 So.2d 392.
"Despite the testimony of Barber and Swift, we believe that having found as a fact that Keith Samuel Jones [driver] was intoxicated at the time of the accident, it is unreasonable to say that his guests did not realize he was intoxicated. If they did not realize his condition, they should have; such is the test of the law.
"`The Courts have repeatedly recognized that in order to prove that one is incapable of operating a motor vehicle, it need not be shown that he was drunk, but only that he had a sufficient quality of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired; and that whenever a guest companion who knew or should have known that the driver was under the influence of drink, voluntarily rode with him in such condition, the right of the guest to claim damages is barred. * * *' Dowden v. Bankers Fire & *823 Marine Insurance Company, La.App., 124 So.2d 254. See, Grayson v. Allstate Insurance Company, La.App., 141 So.2d 101; Otis v. New Orleans Public Service, Inc., La.App., 127 So.2d 197; Cormier v. Angelle, La.App., 119 So.2d 876; Ford v. New Orleans Public Service, Inc., La.App., 102 So.2d 523; Elba v. Thomas, La.App., 59 So.2d 732. Cf. Addington v. American Insurance Co. of Newark, N. J., La.App., 162 So.2d 190." Jones v. Continental Casualty Co. of Chicago, Ill., 246 La. 921, 169 So.2d 50, 53 (1964).
For the foregoing reasons, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of defendants, Hershel C. Foster and Zurich Insurance Company, and against plaintiff, William Gruber, Jr., dismissing plaintiff's suit, plaintiff to pay all costs in both courts.
Reversed.