SAMUEL, Judge.
This suit for wrongful death was filed by Viola W. McIntyre, decedent’s widow, individually and on behalf of the decedent’s minor children, against Charles Poole, the uninsured owner of an automobile in which her husband (John Robert McIntyre) was killed, Carolyn Sue Moore, the driver of the automobile, Nationwide Mutual Insurance Company, Miss Moore’s liability insurer, and Harleysville Mutual Insurance Company, which provided uninsured motorist coverage under a policy issued in favor of the decedent.
The defendants answered, denying liability and alternatively averring McIntyre had been contributorily negligent and had assumed the risk of riding in the automobile. After a trial on the merits, there was judgment in favor of the defendants, dismissing plaintiff’s suit. Plaintiff has prosecuted this appeal from that judgment.
On May 2, 1969, McIntyre was involved in an automobile accident which occurred near the intersection of Canal and Solomon Streets in the City of New Orleans. Miss Moore was driving the automobile; its owner, Charles Poole, was seated in the front^áeat immediately next to her; and the decedent was seated next to the door on Poole’s right. Those three parties had left one lounge, gone to another, and were on their way back when the automobile *508 went out of control and struck a utility pole or tree. As a result of injuries incurred in the accident, McIntyre died on June 10, 1969.
The trial judge concluded the three occupants of the car had been drinking prior to the accident and were intoxicated when it occurred. His judgment follows the settled jurisprudential rule, based on the doctrine of assumption of the risk or contributory negligence, that a guest passenger who voluntarily rides in an automobile driven by a person whose mental and physical faculties are materially impaired due to the intake of alcoholic beverages, and who knows or should know of the driver’s condition, cannot recover for injuries received as a result of the driver’s negligence.[1]
In this court plaintiff contends Miss Moore, the driver, was sober and therefore the rule has no application here. Thus presented for our primary consideration is a question of fact.
The only witness who appeared and testified at the trial was the plaintiff. She had been in North Carolina at the time of the occurrence of the accident and therefore could not testify with regard to any of the facts involved in the accident. The only other evidence was in the form of depositions given by Charles Poole and Carolyn Sue Moore which the plaintiff introduced as though taken by her under cross examination.
The two depositions conflict on the issue with which we are concerned. In her deposition Miss Moore testified: She and the decedent were cousins. She drank no alcoholic beverages on the day of the accident, with the exception of some creme de cacao which she drank while eating boiled shrimp in McIntyre’s apartment prior to commencing work as a bartender in a lounge located just below the apartment. She admitted customers bought her drinks during the course of her 8 hour shift, but insisted without exception that when a customer offered to buy her a drink she placed a lemon rind on the rim of a glass containing nothing more than soft drink, thereby simulating a rum or vodka cocktail. At a second lounge to which she, Poole and the decedent went, Poole lost consciousness and had to be assisted to his automobile. During the course of this procedure he threw his bottle of beer at a garbage can and missed. She gave this version of the manner in which the accident occurred: As she neared the intersection of Canal and Solomon Streets, Poole insisted she was not proceeding fast enough. When she persisted in maintaining a reasonably slow pace, he placed his foot on the accelerator of the automobile in order to cause it to go faster. She attempted to move his foot with her right foot while simultaneously applying the brakes with her left foot. In the process she struck her head and was rendered unconscious. She disclaimed any knowledge of what happened thereafter, with the exception of vague recollections of sirens and an ambulance.
Poole stated: He and the decedent met in the latter’s apartment on the morning of the accident intending to go fishing. Decedent’s apartment adjoined an apartment occupied by Miss Moore, who was related to the decedent, and she joined them in decedent’s apartment. From 10:30 or 11:00 in the morning until about 1:00 in the afternoon Miss Moore, Poole, McIntyre and another man remained in the apartment *509 drinking beer. During that time Miss Moore drank several cans of beer. At about 1 p. m. she went downstairs to tend bar at a lounge at which she was employed. Poole and the decedent also went to the same bar where they engaged in drinking a great deal of beer and, in the case of Poole, some whiskey, until Miss Moore’s shift ended at about 9 or 10 p. m. During that time he saw Miss Moore drink numerous alcoholic beverages. While she was not completely incapacitated, she nevertheless was definitely under the influence of alcohol. Then Miss Moore and the decedent encouraged Poole to go to another lounge. Poole was hesitant to do so because he had been drinking heavily, did not wish to drink anymore, and was unable to drive as a result of the amount of alcohol he had consumed. However, he consented to allow her to drive his automobile to the second lounge and went along. When they arrived at the second lounge Miss Moore and the decedent had another drink. He ordered a bottle of beer which he was unable to drink because he passed out. Decedent and Miss Moore had to assist him from the lounge into the automobile. In the process he threw the bottle at a garbage can and missed, breaking the bottle on the sidewalk. After he was seated in the automobile he again passed out and he remembers nothing further until he awoke in the hospital while his head was being stitched. He further stated he had not interfered with Miss Moore’s driving and that he would remember such an incident if he had interfered.
We find it difficult to believe some of the testimony given by each of the deponents. However, their testimony is the only evidence involving the issue we are considering, the sobriety or intoxication of Miss Moore, and on that subject their testimony is directly in conflict. As the trial judge was required to accept the testimony of one and reject the testimony of the other, we cannot say he committed error in accepting the testimony of Poole rather than the testimony of Miss Moore and therefore in concluding the latter was intoxicated to the extent that her ability to drive the automobile was materially impaired. Accordingly, we will affirm the judgment.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
SCHOTT, J., dissents with written reasons.

. Gruber v. Beeson, La.App., 284 So.2d 820; Lemmon v. Babb, La.App., 219 So.2d 272; Walker v. New Amsterdam Casualty Company, La.App., 199 So.2d 39; Roller v. Cormier, La.App., 192 So.2d 568; Jones v. Continental Casualty Co. of Chicago, Ill., 246 La. 921, 169 So.2d 50; Otis v. New Orleans Public Service, Inc., La.App., 127 So.2d 197; McAlister v. Travelers Insurance Co., La. App., 121 So.2d 283.