59 So.2d 732 (1952)
ELBA
v.
THOMAS et al.
No. 19937.
Court of Appeal of Louisiana, Orleans.
June 19, 1952.
*733 Bienvenu & Culver, P. A. Bienvenu, New Orleans, for Insurance Co. of Texas, defendant-appellee.
Martin Kranz, New Orleans, for defendant-appellee, Harold Thomas.
Prowell, & Viosca, Arthur C. Reuter, New Orleans, for plaintiff-appellant.
REGAN, Judge.
Plaintiff, Mrs. Maria Elba, wife of Joseph Tupper, a guest passenger in a 1950 Ford Sedan, owned and operated by her husband, instituted this suit against the defendants, The Insurance Company of Texas, her husband's insurer, and Harold Thomas, the owner and operator of a 1950 Ford automobile, in the sum of $20,000 representing damages for personal injuries incurred by plaintiff on November 11, 1950 at 2:30 a. m., as the result of a collision between the two vehicles.
Defendant, Harold Thomas, filed exceptions of no right or cause of action and vagueness, which were overruled, and then answered denying that he was guilty of any negligence in the premises and that the *734 proximate cause of the accident was the gross negligence of Tupper, the driver of the automobile in which plaintiff was a passenger and, in the alternative, pleaded the independent contributory negligence of the plaintiff, the guest passenger.
Defendant, The Insurance Company of Texas, answered and denied the material allegations of the petition and pleaded, in the alternative (a) that if the court should find Tupper guilty of negligence then, in that event, the plaintiff was guilty of independent and contributory negligence in riding with her husband when she possessed knowledge of the fact that he was intoxicated; and (b) it further urged that the insurer, Tupper, violated the assistance and cooperation clause of the policy.
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans intervened and requested that, in the event of judgment in favor of plaintiff, it have judgment in solido against both defendants and plaintiff for the sum of $12 with attorney's fees.
There was judgment in the court, a qua, in favor of both defendants dismissing plaintiff's suit, hence this appeal.
We have carefully analyzed the transcript and the conclusions predicated thereon by the trial judge in his written reasons for judgment and, we are convinced that these reasons encompass both the factual and legal aspects of the case so fully that we adopt them as our own.
"Plaintiff sues the corporate insurer of her husband and the driver of another automobile, to recover damages for personal injuries sustained by her in an intersectional automobile collision, while a passenger and guest in her husband's automobile.
"The accident occurred in early November, 1950, about 2:30 a. m. at the intersection of North Rampart and Esplanade Avenue in New Orleans. Both streets are wide thoroughfares with double traffic lanes separated by elevated neutral grounds.
"Plaintiff charges the usual acts of negligence which defendants deny and, in the alternative, plead plaintiff's contributory negligence, independent negligence or assumption of risk in riding with her husband with the knowledge that he had been drinking and was intoxicated.
"The defendant insurer urges a separate and distinct defense against plaintiff's recovery, in that the insured violated the assistance and cooperation clause of its policy contract. There is no proof of such violation. Nor could it be urged that the insured, had he testified favorably for his wife, would have violated this clause. As was held in Levy v. Indemnity Insurance Co. [La.App.], 8 So.2d 774 and cited in State Farm Mutual Automobile Ins. Co. v. Koval [10 Cir.], 146 F.2d 118, the purpose of the cooperation clause is to require the insured to disclose all of the facts within his knowledge, and otherwise aid the company to determine its liability under the policy. It is not the obligation of an insured to assist the insurance company to defeat its liability. The obligation of the company is to pay the damage if liable. and not to refuse to pay it, regardless of liability. Further the lack of cooperation that would defeat recovery must be in some substantial and material respect that results in prejudice to the insurer. The confusion of an insured, for whatever cause, in not properly stating the exact location within an intersection where the accident occurred, is not lack of cooperation causing prejudice, where the insured actually had the correct information from another source.
"The burden of proof of violation of the cooperation clause is an affirmative one and rests with the insurer. Lindsey v. Gulf Insurance Co. [La.App.], 7 So.2d 757.
"The events that preceded the accident and exactly how it actually occurred, have not been satisfactorily explained. If the suit were between the principal actors, the husband and defendant Thomas, this Court would either dismiss plaintiff's suit for failure to sustain the burden of proof, or hold *735 both principals guilty of negligence and contributory negligence respectively.
"Defendant Thomas admitted that he, too, was on his way home from a night-club party where he had been drinking.
"However, as the plaintiff was a guest and passenger of her husband, his negligence can not be imputed to her and she should recover unless guilty of the contributory or independent negligence, or assumption of risk charged to her, to-wit, that she was with him for a long period before the accident, saw him drinking and knew or should have known of his condition; and when she entered his automobile to go home she assumed the risk of any accident that might result from his acts of omission or commission, due to his drinking.
"Plaintiff and her witnesses (all personal friends) testify that from 8:00 p. m. to 2:30 a. m. they were drinking at plaintiff's home at a birthday celebration, and that liquor was freely served. Effort was made to show that the effect of the liquor was reduced or softened by food served during the party. The husband is admitted to have had at least three or four highballs. When the party broke up about 2:30 a. m., plaintiff and her husband took some guests to a night club, but they did not enter themselves but continued on home. It was while returning home from the night club that the accident occurred.
"Plaintiff testified that she had a bottle of beer and was asleep when the accident occurred.
"This Court holds that the husband's negligence was due to his drinking, and reaches this conclusion from the following evidence.
"(1) That neither plaintiff nor her husband knew at which one of the four corners of the intersecting boulevards the accident occurred. When plaintiff filed this suit, she gave the wrong location, which was corrected by a supplemental petition only after the discrepancy was made known in defendants' answer. Plaintiff and her husband's senses were too dulled from drinking to have remembered just where the collision took place.
"(2) The husband failed to deny the testimony of Thomas that his headlights were not burning and that he was traveling at an excessive speed. The husband and Thomas were the only witnesses to the accident because plaintiff was asleep beside her husband when it happened. While these particular acts of negligence alone might not be imputed to the sleeping wife, they support and corroborate, and are consonant with, the charge that the husband had imbibed too much to drive safely and to know fully what he was doing, with the knowledge and acquiescence of the wife.
"(3) The husband, who was present throughout the trial, did not take the stand to explain his actions, notwithstanding that defendant, Thomas, testified he saw him at the hospital after the accident, and his eyes were glassy, and he was unsteady on his feet as though drunk.
"The testimony of the police officers who investigated the accident and examined the husband at the scene, was very unsatisfactory as to his condition.
"The failure of the husband to take the stand and explain his conduct and refute Thomas' testimony must be construed against him and plaintiff.
"Counsel for plaintiff argues that it was the shock and injury from the accident that made the husband appear glassy-eyed and stagger, but there is no testimony to such effect either from the husband or other competent witnesses."
"This court does not hold as a matter of law that one who has had a drink or two just before driving an automobile must necessarily be guilty of negligence if he should have an accident. Nor does this Court attempt to hold that it takes one, two, three or more drinks to render a person incapable of safely driving an automobile, as liquor *736 has more or less effect upon individuals according to various conditions, such as age, sex, physical condition and its accustomed use.
"This Court can take judicial notice of what is common knowledge and human experience. Anyone who has indulged in alcoholic beverages knows that it dulls perception and reflexes to the extent that one cannot react normally to impending emergencies and dangers.
"This Court does hold, however, that when one has attended a party from 8:00 p. m. to 2:30 a. m., where liquor was served freely and it is admitted that he had at least three or four drinks; where he is too dazed to know where the accident happened; that he failed to take the stand and explain testimony that he was glassy-eyed and staggering as though drunk, and was travelling excessively and headlights not burning, the conclusion is inescapable that he was intoxicated at the time and that his intoxication was one of the contributing factors to the accident.
"With the conclusion that the husband's intoxication contributed to the accident, the next question is whether the wife can be charged with contributory negligence, independent negligence or assumption of risk in riding with him. The Court understands the difficulty and embarrassment of a wife who might refuse to ride home with her husband at 2:30 in the morning, but that is not the question. The question is, did she know or should have known that her husband was drinking too much to be a safe driver. She was present the six hours they were drinking at the party and knew of his drinking. She said she drank only one bottle of beer, yet she fell asleep in the car. Since the negligence of her husband was due to his driving while intoxicated, which she was or should have been aware of, her assumption of risk, independent or contributory negligence began when she entered the automobile with him in that condition and continued up to the time of the accident, even though she was asleep when the accident actually happened.
"It cannot be urged that because a guest had ridden many times before with a driver who had been drinking without mishap, that such guest would be justified in believing it was safe to continue to ride with such driver. One may go to the well once too often, and if the journey with a drinking driver succeeds many times without mishap, the guest is merely lucky. If the sand runs out and mishap occurs, the risk was assumed and the guest cannot complain.
"If a driver is drunk then, as a matter of law, a guest having been with him all during the time he was drinking would assume the risk flowing therefrom. Gilbertson v. Gmeinder, 252 Wis. 210, 31 N.W.2d 160.
"One voluntarily riding with a drunken driver assumes the risk arising from such driving, especially where the guest voluntarily becomes intoxicated herself. A wife riding with her husband assumes the risk. Bogen v. Bogen, 220 N.C. 648, 18 S.E.2d 162.
"Even in a criminal prosecution it is not necessary to prove the defendant was drunk, but only that he had a sufficient quantity of intoxicant to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired. State v. Bowen [226 N.C. 601], 39 S.E. 2d 740.
"See, also, Livaudais v. Black, 13 La. App. 345, 127 So. 129; Richard v. Canning [La.App.], 158 So. 598; Clinton v. [City of] West Monroe [La.App.], 187 So. 561; 27 Minn.Law Rev. 349."
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.