LOUIS H. YARRUT, Judge ad hoc.
This is an appeal from a judgment rendered in favor of defendant in conformity with the verdict of a jury.
Plaintiff, the father of two minor sons, 16 and 17 years of age, respectively, sued in their behalf for damages sustained by his sons in an intersectional collision with a bus of defendant, at the intersection of Ursuline Avenue and Galvez Street, New Orleans, shortly after midnight, April 26, 1956.
While the appeal was pending, plaintiff died and his minor sons were emancipated and made parties plaintiff.
The sons were guests in an automobile owned and driven by another teenager (18), all of whom were returning from a party on which they had been drinking and carousing for many hours prior to the accident.
Defendant’s bus was traveling on Galvez Street towards Canal Street, or in an uptown direction. The automobile in which the teenagers were riding was traveling on Urusline Avenue towards the river. Galvez Street is 29 feet wide (two-way traffic) ; Ursuline Avenue has two lanes of 26 feet each, separated by a slightly elevated strip of ground, a little more than five feet wide. Galvez Street is controlled by a stationery stop sign to the right about 25 feet from *525 the curb of Ursuline Avenue, and also an electric semaphore signal. At the time of the accident this signal was blinking “red” for Galvez Street and “amber” for Ursuline Avenue, meaning that traffic on Galvez must come to a dead stop, while traffic on Ursuline had only to slow down, with the right of way.
Defendant, after denying its own negligence and contending that the accident was due solely and only to the negligence of the driver of the automobile, alternatively pleads the contributory negligence of the driver and his guests, in that the automobile was twenty years old for which the owner had recently paid $50; that it had defective brakes, which was known to his guests, notwithstanding which, without protest, they allowed their host to drive at a speed in excess of 40 miles per hour.
The evidence seems to be clear, and the jury so believed, that the driver of the bus came to a full stop at the stop sign as it reached Ursuline Avenue; that it proceeded to cross the intersection at a moderate rate of speed, not exceeding eight miles an hour; that when the bus reached the central strip on Ursuline, the bus driver saw that the automobile approaching from his right would not stop, so he stopped eight feet in the roadway to avoid a collision, when the automobile brushed in front of the bus, pushing the bus over a little and causing the complete collapse of the automobile and damage to the right front headlight and door of the bus and injury to the plaintiffs.
Since the bus operator obeyed all traffic regulations and rules of the road at the time and under the circumstances prevailing, and had preempted the intersection, he cannot be held to have been guilty of negligence, active or passive, which contributed in the slightest degree to the accident. See Sweeney v. New Orleans Public Service, Inc., La.App., 184 So. 740, Gauthier v. Fogleman, La.App., 50 So.2d 321.
There can be no doubt of the negligence of the driver of the automobile, because the police officer who made the investigation testified that he could smell liquor on the breath of the driver, and that the driver told him he applied his brakes but they wouldn’t hold and was pumping them without effect when the collision took place.
In order for plaintiffs to recover they must show that defendant was guilty of some negligence which contributed to the accident, and that defendant failed to prove its alternative defense of contributory negligence on the part of the host which is imputable to them.
The evidence is clear that the bus driver was guilty of no negligence whatever and that he had preempted the intersection. However, if there had been any negligence on the part of the bus driver, plaintiffs still could not recover under the alternative plea of defendant, because the negligence of the driver is. imputable to them since they were together for hours on a joint social venture before the accident, were all drinking wine and they knew their host’s automobile was a 20-year old jalopy and had defective brakes. The accident was due both to the wine drinking and defective brakes. See Elba (Tupper) v. Thomas, La.App., 59 So.2d 732. In order for the jury to have brought in its verdict for defendant, it had to reach either or both conclusions. A reading of the record indicates that the jury was correct, so the judgment must be affirmed.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent.