119 So.2d 876 (1960)
Sidney CORMIER
v.
Rogers ANGELLE and Delta Fire and Casualty Company.
No. 5007.
Court of Appeal of Louisiana, First Circuit.
April 25, 1960.
*877 Babineaux & Huval, Lafayette, for appellant.
No appearance for appellee.
Before ELLIS, LOTTINGER and TATE, Judges.
LOTTINGER, Judge.
This suit arises as a result of a one automobile collision. Petitioner, Sidney Cormier, as a guest passenger filed suit for personal injuries against his host driver, Rogers Angelle, and his insurer, Delta Fire and Casualty Insurance Company. The lower court rendered judgment in favor of defendants and against petitioner and dismissed petitioner's suit. Petitioner has taken a devolutive appeal.
Since the filing of this suit, a receiver has been appointed for Delta Fire & Casualty Company, in the proceeding entitled Rufus D. Hayes, Commissioner of Insurance v. Delta Fire & Casualty Company, Number 70,900 on the Docket of the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. By judgment rendered on the 17th day of August, 1959 in said proceeding, a preliminary writ of injunction was issued therein enjoining any party from bringing or further prosecuting any action at law against the said company. A motion has been filed in this Court by Rufus D. Hayes, Commissioner of Insurance of the State of Louisiana, in which he moves that all further proceedings in this case against Delta Fire & Casualty Company should be stayed. In support of his motion, the mover cites Benenate v. Brooks, La.App., 95 So.2d 757. The motion was granted by this Court on March 8, 1960, and so the proceedings against Delta Fire and Casualty Company have been stayed, and we are powerless to adjudicate the case against the insurer.
The facts disclose that, at approximately 1:00 p. m. on February 28, 1957, the petitioner met defendant, Rogers Angelle and his companion Aldus Hebert in a barroom which was then known as Huval's Bar. The record is not clear as to how long defendant and Hebert had been in the barroom prior to their meeting petitioner, however, the record does disclose that they had left Cecila, Louisiana some time between 10:00 and 10:30 a. m. to drive to Henderson, Louisiana. While at Henderson they went to Huval's Bar. The three men consumed about two or three 7-up highballs while at Huval's Bar and then went to another barroom in Henderson and had two or three more 7-up highballs. While in this second barroom, petitioner requested that defendant, Rogers Angelle, drive him to Breaux Bridge. The parties left the barroom at Henderson at approximately *878 2:30 in the afternoon and proceeded to drive the 8 or 10 miles to Breaux Bridge, where the accident occurred at approximately 3:00 p. m.
Shortly prior to the accident the defendant, Rogers Angelle, was driving his 1948 Chevrolet automobile in a southerly direction on Louisiana Highway No. 347, entering the town of Breaux Bridge, Louisiana. Said Highway No. 347 makes a T-intersection with Poydras Street, which runs generally in an easterly and westerly direction within the city limits of Breaux Bridge. In attempting to turn right from Highway 347 into Poydras Street, at a speed of about 25 to 30 m. p. h., petitioner lost control of his vehicle and was unable to return his car to a straight course after making the turn. Consequently, the car continued in its right-hand turn and ran into a concrete embankment at a distance of about 100 feet from the intersection. The injuries alleged by petitioner were a result of the impact between the automobile and the said concrete embankment.
The lower court held that defendant was negligent in two respects: first, in not reducing his speed in making the righthand turn, and, secondly, in not having his car under proper control. The Court further held petitioner to be guilty of contributory negligence said contributory negligence consisting of his riding with the defendant after having seen defendant imbibe about six drinks of whisky within the space of a few hours.
The testimony reflects that the automobile in which these parties were riding was about nine years old at the time of the accident. The defendant claims that he would have been able to negotiate his righthand turn and to then straighten out with no difficulty had it not been for the fact that his steering wheel jammed, or locked, on him in a right turn position. This testimony of defendant seems to be corroborated by petitioner because petitioner testified that it appeared as though defendant was trying to turn his wheel back towards the left, however, he was unable to do so because it appeared as though the wheel had locked on him. If such was the situation, and the wheel did actually lock in a right turn position, it appears as though there was no negligence on the part of the defendant or, if there was such negligence, then petitioner was guilty of contributory negligence, because he rode in this old model car, as a matter of fact, he asked for a ride to Breaux Bridge in the car. We are assuming, of course, that the locking of the steering wheel, if such was the case, was due to the antiquity of the automobile.
However, we do not feel that the above reasoning is necessary to the decision of this case. The record discloses that it had been drizzling some time prior to the accident. The record further reflects that the T-intersection at which the accident occurred is a level one and it is not slanted as would be a so-called high speed curve. Bearing this in mind, it certainly appears to this Court that the lower court was correct in holding defendant negligent in attempting to negotiate this turn at a speed of 25 to 30 m. p. h. Both petitioner and defendant testified such to be the speed at the moment of turn, and the nature of the intersection certainly indicates such speed to be excessive under the circumstances.
The question now arises as to whether there was any concurrent negligence on the part of petitioner who was a guest passenger in the automobile driven by defendant. The record discloses, as testified by all three parties riding in the automobile, that they had each consumed some six 7-up highballs within a relatively short time prior to the accident. Aldus Hebert testified that the three men met in the barroom between 10:30 and 11:00 o'clock, which was about four hours prior to the accident. The petitioner testified that they met about 1:00 p. m., which would be approximately two hours prior to the accident. Rogers Angelle, defendant, testified that they met at approximately 1:30 p. m., *879 which would be just one and one-half hours prior to the accident. These three men testified to their drinking whisky highballs, and the lower court correctly concluded that they each had at least six whisky highballs just a short time before the accident. Defendant, of course, testified that these six highballs had no effect on his driving ability. However, he did admit on cross-examination that he had a "buzz-on" and that he wasn't feeling like normal. The petitioner was present with the defendant, and accompanied him in the drinking of the highballs, and it appears to us that the lower court was correct in holding that the petitioner "assumed the attendant risks" by riding with defendant under the circumstances. Although there was testimony to the effect that petitioner complained defendant was driving too fast some time prior to their reaching Breaux Bridge, however, he continued on his journey in the defendant's car. The defendant testified that had petitioner complained of his driving and requested to be let out of the car, he would have gladly stopped to oblige.
In Elba v. Thomas, La.App., 59 So.2d 732, the Court held that one voluntarily riding with a drunken driver assumes the risks arising from such driving, especially where the guest voluntarily becomes intoxicated also. Said case was cited with approval, and followed, in Ford v. New Orleans Public Service, La.App., 102 So.2d 523. We certainly think that these cases are correct and feel that they apply to the situation before us. It appears that the drinking of the whisky just a short time prior thereto was a cause of the accident, and petitioner, knowing all the circumstances, was negligent in riding in the car with defendant.
We are unable to find any reversible error on the part of the lower court, and the judgment thereof will be affirmed. All costs of this appeal shall be paid by petitioner.
Judgment affirmed.