HARDY, Judge.
This suit was instituted by plaintiff for the recovery of damages for personal injuries sustained in an automobile accident. Named as defendants were Clifford R. Stansbury, driver of the vehicle in which plaintiff was a guest passenger, and National Union Indemnity Insurance Company as Stansbury’s liability insurer. From a judgment in favor of plaintiff in the principal sum of $5,000, which amount was stipulated as the maximum limit of liability by counsel, orders of appeal were entered on behalf of both defendants, who were solidarily cast. However, it appears that only the defendant insurer has perfected an appeal, and for this reason the defendant, Stansbury, is not before the court as a party to the appeal.
There is little ground for dispute as to the facts, which are clearly reflected by the record. Early on the morning of November 5, 1958, plaintiff and four companions began a wine drinking venture. The location of this activity moved from the home of one of the members of the party in Rayville to a location on the river north of said town, known as Dorsey’s Ford, and in the course of a few hours the party of five consumed a substantial quantity of wine, variously estimated at from oné to four half gallons. Just prior to the termination of the drinking bout it is established that the insured, Clifford Stansbury, engaged in a fist fight with one Opal Keene, and it was further clearly established that the plaintiff intervened and actively assisted in separating the participants in this brawl. A very short time after this incident the defendant, Stansbury, the plaintiff, Hill, and Keene, seated themselves in the cab of Stansbury’s truck and began their return trip, with the intention of proceeding through Rayville to Keene’s home in Mangham. The party stopped in Ray-ville, where all three of the named parties disembarked from the truck and participated in consuming another half pint of wine before taking the highway to Mangham. At a point on Louisiana Highway 15 between Rayville and Mangham in Richland Parish, the truck driven by Stansbury was involved in an accident, as the result of which plaintiff sustained serious bodily injuries for which he seeks recovery in this action. Concededly Stansbury’s negligence was the cause of the accident.
The burden of plaintiff’s claim is found in the allegations of his petition to the effect that while Stansbury had been engaged in *814 partaking of intoxicants he was able to drive, but Hill was in a drunken stupor and “ * * * was placed in the middle of the seat between Stansbury and Keene.” In our opinion the record entirely fails to sustain these contentions, which are essential to plaintiff’s right of recovery. Indeed, we are firmly convinced that plaintiff was not at any time in a drunken stupor, but, on the contrary, was fully in control of his mental faculties and physical actions to such extent that, as pointed out above, he acted as peacemaker in bringing to a stop the fistic encounter between Stansbury and Keene, and he purposefully seated himself between these two parties in the cab of the truck upon leaving Dorsey’s Ford; he disembarked from the truck with these companions in Rayville for the purpose of partaking of additional intoxicating beverages; and he re-entered the truck under his own power and without assistance for the purpose of continuing the trip from Rayville to Mangham. We find no evidence which would justify the conclusion that plaintiff was in such a drunken condition as to be unaware of the nature and possible dangerous results of undertaking passage in a vehicle driven by one whom he well knew to be under the influence of intoxicants. We regret that this conclusion does not accord with that of the district judge, who noted in his written reasons for judgment, handed down more than three months after this appeal was perfected, that Hill was intoxicated to such an extent that he was unable to make any decision in his own best interest.
Nor do we find ourselves in accord with the statement of the learned trial judge to the effect that while the accident was due to Stansbury’s negligence it was “ * * * not necessarily because of the fact that Stansbury was drinking * * The testimony of the investigating Trooper is clear on the point that after the accident he considered Stansbury to be under the influence of intoxicants. Additionally, the record is convincing on the point that Stansbury had engaged with his companions at least to the extent of his share of imbibing the substantial quantities of wine which were consumed on the occasion in question.
Under our appreciation of the facts we have no hesitation in concluding that Stansbury was under the influence of intoxicants to the knowledge of plaintiff, Hill, who, in the exercise of his own volition, became a passenger in the vehicle driven by Stansbury. Our jurisprudence is clear on the point that under such factual circumstances and conditions a plaintiff is barred from recovery; Elba v. Thomas, La.App., 59 So.2d 732; Woods v. King, La.App., 115 So.2d 232; Lightell v. Tranchina, La.App., 115 So.2d 890 (writs denied).
In view of the circumstances above set forth on the basis of the facts, it is unnecessary to engage in detailed discussion of defendant insurer’s alternative defense based upon lack of cooperation by its insured. However, we think it desirable to note that this defense is completely without merit. While it is true that the defendant insured, Stansbury, failed to respond to properly issued subpoena to appear as a witness on trial of the case, it must also be noted that every opportunity was afforded defendant insurer by the trial judge to permit compulsion of the attendance of said co-defendant and the taking of his testimony, which offer was refused by counsel for appellant.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed and judgment is now ordered in favor of defendant, National Union Indemnity Insurance Company, rejecting plaintiff’s demands at his cost.