REID, Judge.
Plaintiff filed this suit in tort seeking to recover damages resulting from an automobile accident which occurred on March 14, 196.4, on U. S. Highway 61 (Scenic Highway) at about four o’clock P.M.
Plaintiff claims that he was riding as a guest passenger in an automobile owned by Irma I. Jones but operated by her husband Major C. Jones which was insured by Travelers Indemnity Company. This car was alleged to have collided with the rear of two vehicles traveling in the same direction as the Jones vehicle. The suit was filed against Major C. Jones, Irma I. Jones and their insurer, Travelers Indemnity Company, Chelsog N. Davis Sr., Thomas Quincy and Fireman’s Fund Insurance Company, Quincy’s insurer. Damages are sought in the total-amount of $21,700.00 with legal interest from judicial demand until paid and costs.
Defendants Thomas Quincy and his insurer Fireman’s Fund Insurance Company and Chelsog N. Davis Sr. filed peremptory exceptions on the grounds that there was no actionable negligence on the part of either of the drivers of the two forward cars. They additionally filed dilatory exceptions on the ground that Articles 3 and 4 of plaintiff’s petition do not describe the manner in which the accident took place, or the position of the respective automobiles prior to and at the time of the accident.
The defendants Major C. Jones, Irma I. Jones and Travelers Indemnity Company filed an answer admitting the accident and admitting the issuance of the policy on the car owned by Irma I. Jones but deny negligence on the part of Jones and in the alternative that if Major C. Jones was guilty of any negligence which was the proximate cause of the accident then the act of omission was that Major C. Jones was driving the automobile while in an intoxicated condition, that he was not in a mental or physical condition to properly operate a motor vehicle, that at the time because of his intoxicated condition he knew or should have known that he could not safely and properly operate a motor vehicle and that while driving the automobile in such an intoxicated condition he collided with the rear end of a vehicle proceeding south on U. S. Highway 61 which acts of negligence constituted the proximate cause of the accident sued on.
*172 In the further alternative the defendants Major C. Jones, Irma I. Jones, and Travelers Indemnity Company allege that if it be shown that Jones was guilty of such acts of negligence and that they were the proximate cause of the accident, all of which is denied, in that event they allege that plaintiff Canada was guilty of contributory negligence contributing to the accident which would bar his right to recover and which acts of contributory negligence consists of accepting a ride with an automobile driver who he knew, or should have known, was under the influence of intoxicating beverages; continuing to ride with an automobile driver when he knew, or should have known, was under the influence of intoxicating beverages and assumed the risk of an automobile accident contributable in whole or in part to the intoxicated condition of the said driver, and that Canada rode with this automobile driver when he knew, or should have known, that the driver was in no mental or physical condition to properly and safely operate a motor vehicle.
Plaintiff filed a supplemencal and amended petition in which he sets forth the position of the automobiles and alleging that the Quincy vehicle was in the left and partial right lane of traffic and had come to a stop but failed to give any signal and was obstructing traffic and that the Davis vehicle was in the right hand lane of traffic but made a sudden stop without giving proper signal and was obstructing traffic. He further alleged that the Jones vehicle was following the Davis vehicle in the right hand lane but was being driven at an excessive rate of speed and without i warning collided with the Davis vehicle which in turn collided with the Quincy vehicle, and alleged the damages.
Thomas Quincy and Fireman’s Fund Insurance Company then filed an exception of no cause of action on the grounds that the allegations show the proximate cause of the collision was the negligence of Major C. Jones. They subsequently filed an answer similar to the one filed by the Joneses and Travelers Indemnity Company.
The exceptions of vagueness filed by Quincy and Fireman’s Fund Insurance Company were sustained and plaintiff allowed fifteen days to amend Article 3.
Exception of no cause of action filed by Thomas Quincy and Fireman’s Fund Insurance Company were overruled.
The case was tried on the merits and the Court rendered judgment in favor of all the defendants and against the plaintiff rejecting and denying the demands of Canada and dismissing the suit at his costs. From this judgment plaintiff has appealed devolutively to this Court, only from the judgment insofar as it affects Major C. Jones, Irma I. Jones and Travelers Indemnity Company.
Defendant Major C. Jones, driver of the car, did not testify. Martin N. Fritcher, a Sergeant with the Louisiana State Police investigated the accident and he stated that the accident occurred at, or near, the intersection of U. S. Highway 61 (Scenic Highway) and Seventy-first Avenue. There were three cars involved in the accident, a 1962 Buick, owned and operated by Chel-sog Davis, a 1959 Pontiac owned and operated by Thomas Quincy, and a car owned by Irma I. Jones and operated by Major C. Jones. He further testified that the Jones vehicle collided with the rear of the Davis vehicle which caused it to strike, in a swinging around motion, the Quincy vehicle. He concluded that both the Davis and Quincy vehicles were completely stopped, the Scenic Highway being flooded and the traffic ahead was also stopped. He testified positively that Jones was drinking. The weather was clear and nothing to impair Jones’ vision. He further testified that all the occupants of Jones’ car had been drinking. The testimony, a portion of which we quote, is as follows:
“Q: You indicated that according to your investigation that Major *173 Jones had been drinking, is that right, sir?
A: My report shows that he had been drinking.
Q: And you have an independent recollection of that, too?
A: I have a recollection of it, also.
Q: Also you stated the plaintiff, Reed Canada, gave you some trouble. Had he also been drinking, was that apparent to you?
A: Yes, sir, definitely.
Q: Did it look like all the occupants of that car had been drinking?
A: Yes sir.
Q: It was apparent to you from their physical condition and actions at the scene of the accident?
A: That they had been drinking.”
Plaintiff called as a witness James R. Fields the third occupant of the Jones car. Fields testified that he, Jones and Canada met around nine or ten o’clock on Friday night at Canada’s home and started playing poker. They played all night long and continuously on Saturday until about eleven o’clock. At that time they left to go to Southern University to attempt to collect some money Canada claimed was owed to him by one of the professors. Fields stated that they were drinking a little Scotch and beer.
They failed to find the man at Southern University so they stopped at Moreco’s Lounge on East Harding Boulevard. He testified that they stayed there two and a half to three hours and that they had at least two drinks or around two or three drinks per man. They then left Moreco’s and went to Theus’ Bar on Fairchild Street in Scotlandville. There they had another drink.
After the accident the police picked up Major Jones and took him to jail and Fields and Canada drove by and picked up Jones after he was released. They then proceeded to the Apex Bar and proceeded to kill a bottle of Scotch.
Another eye witness who was standing across the street under a shed was Curtis D. Johnson. He corroborated the testimony to the effect that the Davis and Quincy vehicles were stopped prior to the accident. He testified that Jones warned them not to remember anything they had seen, and that the State Police picked up Jones and took him to jail. He testified that the men were drinking and cursing and yelling. He testified that the driver of the back car (Jones) had some difficulty with an investigating officer and that he was cursing and yelling.
It also appears that Canada himself had some kind of argument with the officer.
Canada took the Stand and denied that there was any poker game, denied that he had been with these men the night before, and only met them around eleven o’clock Saturday morning when they went to look for a man who owed him some money. He denied having two drinks at Moreco’s but stated that they went to the Theus’ Bar first, and had one drink then went to Moreco’s and had another drink, and that was all the drinks he had.
We are satisfied from the evidence that Major Jones, Fields and Canada met Friday night at the home of Canada, played poker and drank all night long until eleven o’clock the next day. They then went to Scotlandville looking for a man at Southern University who Canada claims owed him some money.
They did not find the man they were looking for and stopped by Moreco’s Bar and started drinking again, having two or three drinks there, following it up by another drink at the Fields Bar. The Fields Bar is just a few blocks from where the accident occurred and that Jones was definitely in an intoxicated condition and as a *174 result thereof ran into the rear of the Davis car causing the accident.
We are further convinced that Canada was likewise in an intoxicated condition and, having been with the other two men all night, playing cards, drinking and then continuing with the drinking on Saturday until the accident happened. He knew, or should have known, of the condition of Jones and should not havé ridden with him. Taking his own testimony as true for the sake of argument if he got in the car at eleven o’clock Saturday morning when he was cold sober he is bound to have known that Jones had been drinking for some time and was too intoxicated to drive the car. By getting in the car and proceeding with him according to his own testimony, he was guilty of assumption of risk and contributory negligence.
The Supreme Court of Louisiana in the case of Jones v. Continental Casualty Company, Chicago, Illinois, 246 La. 921, 169 So.2d 50 (1964) quoting from a prior decision held as follows:
“ ‘The Courts have repeatedly recognized that in order to prove that one is incapable of operating a motor vehicle, it need not be shown that he was drunk, but only that he- had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired; and that whenever a guest companion who knew or should have known that the driver was under the influence of drink, voluntarily rode with him in such condition, the right of the guest to claim damages is barred. * * * Dowden v. Bankers Fire & Marine Insurance Company, La.App., 124 So.2d 254. See Grayson v. Allstate Insurance Company, La.App., 141 So.2d 101; Otis v. New Orleans Public Service, Inc., La.App., 127 So.2d 197; Cormier v. Angelle, La.App., 119 So.2d 876; Ford v. New Orleans Public Service, Inc., La.App., 102 So.2d 523; Elba v. Thomas, La.App., 59 So.2d 732; Cf. Addington v. American Insurance Co. of Newark, N. J., La.App., 162 So.2d 190,’ ”
There is no question but what Jones was intoxicated. Plaintiff alleges it, defendants admit it and the Lower Court so found, from the testimony.
With regard to the knowledge of Canada of Jones’ condition we again are satisfied as we have previously held that he knew or should have known of his condition.
This Court in Cormier v. Angelle, La. App., 119 So.2d 876 held as follows:
“In Elba v. Thomas, La.App., 59 So.2d 732, the Court held that one voluntarily riding with a drunken driver assumes the risks arising from such driving, especially where ■ the guest voluntarily becomes intoxicated also. Said case was cited with approval, and followed, in Ford v. New Orleans Public Service, [Inc.,] La.App., 102 So.2d 523. We certainly think that these cases are correct and feel that they apply to the situation before us. It appears that the drinking of the whis-ky just a short time prior thereto was a cause of the accident, and petitioner, knowing all the circumstances, was negligent in riding in the car with defendant.”
For the foregoing reasons we conclude that no error has been shown in'the decision of the Lower Court and same is hereby affirmed.
Affirmed.