HEARD, Judge.
This suit was instituted by Lamar Berry and his wife, Mrs. Jean Berry, against Della Snelling, her unemancipated minor son, Jerry L. Key, and her insurer, Travelers Insurance Company, for the death of their minor son, Vicky Lamar Berry. Vicky Lamar Berry was killed in an automobile accident while riding as a guest passenger in a 1965 Mercury automobile owned by Mrs. Snelling and being operated by her son, Jerry, on December 12, 1969.
On an exception of lack of procedural capacity, Jerry L. Key was dismissed from the suit. Della Snelling and Travelers Insurance Company answered the suit with a general denial of negligence on the part of Jerry Key, and advanced the affirmative defenses of contributory negligence and the assumption of risk by Vicky Berry.
The trial court with written reasons rejected the demands of plaintiffs and they perfected a devolutive appeal to this court.
The errors specified by appellants are (1) the trial court erred in its holding that Jerry Key was intoxicated; (2) in its holding that Vicky Berry assumed the risk of accidental injury while riding with Jerry Key; (3) in holding that Jerry Key’s intoxication was the proximate cause of the accident, and (4) in failing to award damages to plaintiffs.
It is clearly established by the evidence as set forth in the trial court’s opinion that on December 12, 1969 Jerry Key and Vicky Berry met at the Winnfield Senior High School which they attended and agreed about 8:30 A.M. or shortly thereafter to cut school that day; they left in the 1965 Mercury automobile owned by Della Snelling and went to the First Chance Saloon located in Natchitoches Parish about 20 miles west of Winnfield. There they bought six cans of beer and !/-> pint of Southern Comfort whiskey. They then went to a spot on Black Lake some few miles away *925 and each drank two beers at that point. From there about 10:30 A.M. they went to the Pizza Inn in Natchitoches which was closed, driving thence towards Robeline at about 11:00 A.M. they pulled off on a side road and each drank one more beer and took two swallows of whiskey. At this time they consumed approximately j/2 of the y<i pint of Southern Comfort whiskey. They left this spot about 11:30 A.M., went back to the Pizza Inn in Natchitoches which was now open, ate some pizza and each drank two glasses of draft beer. At approximately 12:00 they returned to Winn-field initially intending to attend school for the rest of the day but decided they had missed too much already. They went to Jerry Key’s home in Winnfield at about 1:00 P.M. where they drank the rest of the V2 pint of whiskey. They then left, took a rifle and intended to go to Saline Lake and shoot ducks, but instead they went again to the First Chance Saloon where they bought a fifth of Southern Comfort whiskey and started back to Winnfield. En route they opened the fifth of whiskey and each took a drink.
At approximately 2:00 P.M. at a point on Highway 84 approximately ten miles east of the First Chance Saloon they came up behind an automobile. Jerry stated that he asked Vicky if he wanted to pass and it was agreed they would pass. Jerry completed his passing maneuver but on returning to the right lane of traffic, failed to straighten up and ran into a bridge abutment. In the collision Vicky Berry was killed.
The testimony as to the speed is not conclusive, but apparently Jerry Key was driving about 60 to 65 miles per hour before attempting the passing maneuver, much faster during the passing maneuver, and the ensuing return to the right lane of travel.
Appellee’s counsel concedes that the accident occurred as a result of the negligence of Jerry Key.
The principal defense relied on by defendants is that Vicky Berry assumed the risk of incurring injury or death by riding in a vehicle operated by one he knew or should have known to be under the influence of intoxicating beverages to the extent that he could not safely operate an automobile.
Appellants contend there is no evidence in the record to reflect any action on behalf of Jerry Key which would put young Berry on notice of Key’s alleged intoxication, wherein this court could conclude young Berry assumed the risk of an accident resulting from the alleged intoxication. Further, that there has been no proof that the intoxication was the proximate cause of the accident, and that the burden of proof is on defendant to prove by a preponderance of the evidence that the driver’s intoxication was a substantial factor contributing to the accident.
In Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971) our Supreme Court set forth the law on the assumption of risk as follows:
“A passenger riding with a driver who has been drinking excessively only assumes the risk of drunk driving, that is, of accidents resulting from drunk driving. When an accident occurs involving a driver whose mental or physical faculties have been materially impaired due to the influence of intoxicants, a guest passenger who knows or should know of the driver’s condition and nevertheless voluntarily rides with him cannot recover for injuries received in an accident caused in whole or in part by the driver’s negligence, if the alcohol-induced impairment of the driver’s ability is a substantial contributory cause of the driver’s negligence.
“See: Jones v. Continental Cas. Co., 246 La. 921, 169 So.2d 50 (1964); Dove v. Messina, 230 So.2d 615 (La.App. 1st Cir. 1969); Gros v. United States Fidelity & Guaranty Co., 183 So.2d 670 (La.App. 1st Cir. 1966); Viator v. Grain Dealers *926 Mutual Ins. Co., 182 So.2d 165 (La.App. 3rd Cir. 1966).
“Further, the defendant, who bears the burden of proving contributory negligence must prove by a preponderance of the evidence that the driver’s intoxication was a substantial factor contributing to the driver’s accident. Jones v. Continental Cas. Co., 246 La. 921, 169 So.2d 50 (1964). Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than not. Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971).” (Emphasis theirs) [249 So.2d 105, 107].
Our Supreme Court further stated in Jones v. Continental Casualty Company of Chicago, Illinois, 246 La. 921, 169 So.2d 50 (1964):
"Despite the testimony of Barber and Swift, we believe that having found as a fact that Keith Samuel Jones was intoxicated at the time of the accident, it is unreasonable to say that his guests did not realize that he was intoxicated. If they did not' realize his condition, they should have; such is the test of the law.
‘The courts have repeatedly recognized that in order to prove that one is incapable of operating a motor vehicle, it need not be shown that he was drunk, but only that he had a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties and cause such faculties to be materially impaired; and that whenever a guest companion who knew or should have known that the driver was under the influence of drink, voluntarily rode with him in such condition, the right of the guest to claim damages is barred. * * * ’ Dowden v. Bankers Fire & Marine Insurance Company, La.App., 124 So.2d 254. See, Grayson v. Allstate Insurance Company, La.App., 141 So.2d 101; Otis v. New Orleans Public Service, Inc., La.App., 127 So.2d 197; Cor-mier v. Angelle, La.App., 119 So.2d 876; Ford v. New Orleans Public Service, Inc., La.App., 102 So.2d 523; Elba v. Thomas, La.App., 59 So.2d 732. Cf. Addington v. American Insurance Co. of Newark, N. J., La.App., 162 So.2d 190.” [169 So.2d 50, 53].
Dr. Edward Claude Uhrich, a pathologist, testified positively that the quantity of alcoholic beverage consumed by Jerry Key would render a person of his size and age well under the influence of intoxicant which would definitely impair his driving ability. The testimony is abundantly clear that the Key boy was in a state of intoxication and that Vicky Berry cither knew or should have known that he was intoxicated. Vicky Berry therefore assumed the risk of riding with an intoxicated driver and the intoxication of Jerry Key was a contributing factor causing the accident which bars his parents from recovering damages for his death.
For the foregoing reasons the judgment of the trial court is affirmed at appellants’ cost.