SCHOTT, Judge
(dissenting).
Beyond question, negligence on the part of Carolyn Sue Moore was established by the plaintiffs. But defendants have undertaken to support an affirmative defense that decedent assumed the risk of an accident resulting from drunk driving. In order to support that defense the burden of proof was on defendants to show that the driver’s mental and physical faculties were materially impaired due to the influence of intoxicants, that decedent knew or should have known of the driver’s condition but nevertheless voluntarily rode with her, that the accident was caused by the driver’s negligence and that the alcohol induced impairment of the driver’s ability was a substantial contributory cause of her negligence. Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105. In my opinion there is no reliable evidence whatsoever to prove all of these essential elements of the defense.
A review of recent jurisprudence on the subject shows that our courts have carefully considered whether defendants have borne their burden of proof of the driver’s condition and where the defense has been successfully raised there was concrete competent evidence to show exactly what the *510 driver’s condition was and in most instances evidence to show that alcoholic beverages in some quantity were in fact consumed by the driver before the accident. See Cormier v. Royal Indemnity Insurance Company, 279 So.2d 253 (La.App. 3rd Cir. 1973); Magee v. McCree, 278 So.2d 587 (La.App. 1st Cir. 1973); Lutrell v. Beard, 273 So.2d 312 (La.App. 4th Cir. 1973); Berry v. Travelers Insurance Company, 273 So.2d 923 (La.App. 2nd Cir. 1973); Bensel v. Trosclair, 250 So.2d 502 (La.App. 4th Cir. 1971).
In the instant case, defendants rely solely upon the testimony of Poole who was admittedly drunk for a considerable amount of time up to and including the time of the accident itself. Under the circumstances his testimony, if not wholly unreliable should be given very little weight and is hardly sufficient to support the burden of proof undertaken by defendants.
It is true that the driver lost control of her automobile, and in the absence of an explanation it might be inferred that her intoxication caused the accident, but she explained that the drunken Poole had interfered substantially with her driving and in effect caused her to lose control of the car, and the only evidence offered to contradict her testimony was again the unreliable testimony of Poole, who insisted that while he was drunk he would have remembered the occurrence of such an incident-despite his drunken condition.
If the trial judge had been afforded the opportunity of seeing and hearing these witnesses in person and had decided the case on that basis I would have no hesiten-cy but to affirm his judgment on the basis of his own credibility call. But in this case these witnesses testified by way of deposition and the trial judge was in no better position to evaluate their credibility than we are.
I respectfully dissent.